IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

FILED

2009 FEB 25 A 10: 40

U.S. DISTRICT COURT
EASTERN DIST. TENN.

BY_____DEPT. CLERK

| | | |
|---|---|---|
| JAMES DELLINGER, | ) | |
| | ) | |
| Petitioner-Applicant | ) | No. _____ |
| | ) | |
| vs. | ) | Death Penalty Case |
| | ) | |
| RICKY BELL, Warden, Riverbend | ) | |
| Maximum Security Institution | ) | |
| | ) | |
| Respondent | ) | |

**APPLICATION FOR APPOINTMENT OF COUNSEL
TO INVESTIGATE, PREPARE, AND FILE
<u>AMENDED PETITION FOR WRIT OF HABEAS CORPUS IN CAPITAL CASE</u>**

Pursuant to 18 U.S.C. §3599 (formerly 21 U.S.C. §848(q)), Applicant James Dellinger respectfully requests that this Honorable Court appoint him counsel, the Office of the Public Defender for the Middle District of Tennessee and Assistant Public Defender Michael J. Passino, and Mr. Francis L. Lloyd, Jr., of the firm of Kramer Rayson who shall investigate, prepare, and file an amended petition for writ of habeas corpus challenging his conviction and sentence of death. In support of this motion, the Applicant states:

1. Applicant James Dellinger is incarcerated at the Riverbend Maximum Security Institution, Nashville, Tennessee, located within the Middle District of Tennessee. He is in the custody of Warden Ricky Bell.

2. In 1992, James Dellinger was convicted by a Blount County, Tennessee, jury of first-degree, premeditated murder. The jury subsequently sentenced Mr. Dellinger to death based on one aggravating circumstance – a prior conviction that involved violence to a person.

3. On direct appeal, the Tennessee Court of Criminal Appeals affirmed Mr. Dellinger's

convictions and sentences, State v. Dellinger, 2001 Tenn. Crim. App. LEXIS 170 (Tenn.Crim.App. March 7, 2001), and the Tennessee Supreme Court affirmed. State v. Dellinger, 79 S.W.3d 458 (Tenn. 2002). The United States Supreme Court denied a petition for writ of certiorari. Dellinger v. Tennessee, 537 U.S. 1090 (2002).

4. Mr. Dellinger sought post-conviction relief in the Tennessee courts. The trial court denied relief to Mr. Dellinger, and the Court of Criminal Appeals affirmed the trial court's denial of relief. Dellinger v. State, 2007 Tenn.Crim.App. LEXIS 682 (Tenn.Crim.App. Aug. 28, 2007). The Tennessee Supreme Court granted Mr. Dellinger's application for permission to appeal, but subsequently denied relief to Mr. Dellinger, Dellinger v. State, No. E2005-01485-SC-R11-PD (Tenn. Jan. 22, 2009), including petitions for rehearing by Mr. Dellinger and the State of Tennessee. Id. (Tenn. Feb. 20, 2009).

5. Contemporaneous with this motion Mr. Dellinger has filed a *pro se* unamended Petition for Writ of Habeas Corpus. Mr. Dellinger intends to file a full amended petition for writ of habeas corpus under 28 U.S.C. §2254, challenging the constitutionality of his conviction and death sentence.

6. Mr. Dellinger, however, is indigent and unable to afford counsel. See Exhibit 1 (Affidavit of James Dellinger).

7. 18 U.S.C. §3599 (a)(2) provides indigent capital habeas petitioners the right to qualified court-appointed counsel:

> In any post conviction proceeding under section 2254 or 2255 seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services *shall be entitled to the appointment of one or more qualified attorneys and the furnishing of such other services* in accordance with paragraphs (5), (6), (7), (8),

2

and (9).

See Dicks v. Dutton, 969 F.2d 207, 208 (6th Cir. 1992). "On its face, this statute grants indigent capital defendants a mandatory right to qualified counsel and related services 'in any federal post conviction proceeding.'" McFarland v. Scott, 512 U.S. 849, 854, 114 S.Ct. 2568, 2571 (1994).

8. "Congress' provision of a right to counsel under §848(q)(4)(B) reflects a determination that quality legal representation is necessary in capital habeas corpus proceedings in light of 'the seriousness of the possible penalty and . . . the unique and complex nature of the litigation.' §848 (q)(7)." Id., 512 U.S. at 855, 114 S.Ct. at 2572.[1]

9. As the Supreme Court held in McFarland, this "right to counsel necessarily includes a right for that counsel *meaningfully to research and present a defendant's habeas claims*." Id., 512 U.S. at 846, 114 S.Ct. at 2573.

10. Accordingly, the 18 U.S.C. § 3599 right to counsel attaches even before a petition is filed, and entitles an indigent capital petitioner to counsel who can research, investigate, and prepare the habeas petition for filing. As the United States Supreme Court has held:

> The language and purposes of §848(q)(4)(B) and its related provisions establish that the right to appointed counsel includes a right to legal assistance in the preparation of a habeas corpus application. We therefore conclude that a 'post conviction proceeding' within the meaning of §848(q)(4)(B) is commenced by the filing of a death row defendant's motion requesting the appointment of counsel for his federal habeas corpus proceeding. McFarland filed such a motion and was entitled to the appointment of a lawyer.

---

[1] "An attorney's assistance prior to the filing of a capital defendant's habeas corpus petition is crucial, because 'the complexity of our jurisprudence in this area . . . makes it unlikely that capital defendants will be able to file successful petitions for collateral relief without the assistance or persons learned in the law." Id., quoting Murray v. Giarratano, 492 U.S. 1, 14 (1989)(Kennedy & O'Connor, JJ., concurring).

3

McFarland, 512 U.S. at 856-857, 114 S.Ct. at 2572-2573; See also Brown v. Vasquez, 952 F.2d 1164 (9th Cir. 1991).

11. Because he is indigent and has requested counsel in order to challenge his conviction and death sentence under §2254, Mr. Dellinger is entitled to the appointment of counsel to investigate, research, and prepare his petition for writ of habeas corpus. McFarland, supra; Brown v. Vasquez, supra; Cone v. Bell, 956 F.Supp. 1401 (W.D.Tenn. 1997).

12. The Federal Defender Services of Eastern Tennessee, Inc., in Knoxville, Tennessee, is routinely appointed in federal habeas cases such as this. However, the Knoxville Office represents Gary Sutton, who is Mr. Dellinger's co-defendant, and as a result, has a conflict of interest and cannot also represent Mr. Dellinger. The Office of the Federal Public Defender for the Middle District, 810 Broadway, Suite 200, Nashville, TN 37203 (phone 615.736.5047) has expressed its willingness to represent Mr. Dellinger. The Office, in turn, has indicated that Assistant Federal Defender Michael J. Passino will be assigned the case.

13. In addition, Mr. Francis L. Lloyd, Jr., Kraymer Rayson LLP, 800 S/ Gay Street, Suite 2500, P.O. Box 629, Knoxville, Tennessee 37901-0629 (phone 865.535.5134), has expressed his willingness to represent Mr. Dellinger.

14. Mr. Dellinger thus respectfully requests that this Court appointed qualified counsel to represent him. Upon appointment, counsel would expect to investigate, utilize any necessary expert services and then file an amended petition for writ of habeas on Mr. Dellinger's behalf. See, e.g., Abdur-Rahman v. Bell, 927 F.Supp. 262 (M.D. Tenn. 1996).

4

## CONCLUSION

WHEREFORE, the motion for appointment of counsel should be granted in accordance with 18 U.S.C. §3599 and <u>McFarland v. Scott</u>, 512 U.S. 849, 114 S.Ct. 2568 (1994).

Respectfully Submitted,

*[signature]*

James Dellinger, # 00218365
Unit II
Riverbend Maximum Security Institution
7475 Cockrill Bend Industrial Road
Nashville, Tennessee 37209

## CERTIFICATE OF SERVICE

I certify that I have sent a copy of the foregoing via first-class mail to the Office of the Attorney General, 425 5th Avenue North, Nashville, Tennessee 37243.

Date: 2/25/2009

*[signature]*

5