UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JAMES DELLINGER,              )
                              )
         *Petitioner*,        )
                              )
v.                            )     NO.:  3:09-cv-104
                              )         *(VARLAN/SHIRLEY)*
RICKY BELL, Warden,           )
                              )
         *Respondent*.        )

## MEMORANDUM AND ORDER

Petitioner James Dellinger ("Dellinger") was convicted of first degree murder by a jury in the Criminal Court of Blount County, Tennessee and sentenced to death. He is currently confined at the Riverbend Maximum Security Institute in Nashville, Tennessee. Pursuant to the Court's Order, Dellinger has filed an appropriately-signed application for appointment of counsel to investigate, prepare, and file an amended petition for writ of habeas corpus (hereinafter "application for appointment of counsel") [Doc 9][1], as well as a motion to proceed *in forma pauperis* [Doc.1]. The Court denied Dellinger's application to proceed *in forma pauperis*, and he has now paid the $5.00 filing fee.

Presently before the Court is Dellinger's motion to appoint counsel to represent him [Doc. 9]. The Supreme Court has given clear directions for lower courts to follow in circumstances such as these. *McFarland v. Scott,* 114 S. Ct. 2568, 2573 (1994). Trial courts must appoint counsel to assist in the preparation of a petition for writ of habeas corpus and

---

[1]Dellinger's original motion was replaced with a personally-signed motion, so the original motion [Doc. 2] was termed by the Clerk's office.

execution must be stayed to give appointed counsel an adequate opportunity to prepare the petition.

Pursuant to 28 U.S.C. § 636(b)(1)(A), this matter is hereby **REFERRED** to the Honorable C. Clifford Shirley, United States Magistrate Judge, to appoint counsel; address the scheduling of disposition of this case; to resolve all non-dispositive motions; and, if necessary, for establishment of a litigation budget for payment of investigative, expert, and other reasonably necessary services, and for payment recommendation of attorney and other fees. See also E.D. TN. LR 9.4, Appendix 4.

Dellinger did not request a stay of execution, but the attorneys he sought to have appointed as his counsel have made such a request. Because Dellinger's execution date has been scheduled by the state supreme court for June 3, 2009, *see Dellinger v. State*, 2009 WL 161284 (Tenn. 2009), pursuant to 28 U.S.C. § 2251, it is hereby **ORDERED** that Dellinger's execution date of June 3, 2009, is **STAYED** pending further order of this Court.

The above referenced attorneys have notified the Court that, although it appears CM/ECF lists them as Dellinger's counsel, they realize they have not been appointed to represent Dellinger and now understand the Clerk's identification of them in the CM/ECF system was for the purpose of sending them courtesy copies of documents in this matter. Counsel has advised the Court that they are not attorneys of record and that Dellinger is still in need of having counsel appointed. Accordingly, the motion to stay execution and supporting memorandum filed by these attorneys are **ORDERED STRICKEN** from the record [Docs. 6 & 7].

2

Finally, the Clerk is **DIRECTED** to serve Respondent and the Attorney General of Tennessee with copies of the relevant documents and this order by certified mail.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
