UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| JAMES DELLINGER, | ) | |
|---|---|---|
| *Petitioner*, | ) | |
| v. | ) | NO. 3:09-cv-104 |
| | ) | VARLAN/SHIRLEY |
| | ) | **Death Penalty** |
| RICKY BELL, Warden, | ) | |
| *Respondent*. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's motions for a scheduling conference (which the Court find is, in effect, a motion to expand the record) (Doc. 36) and for reconsideration of a prior order reserving ruling on the motion for a scheduling conference (Doc. 39), both of which the Court previously took under advisement after conducting a hearing. In these motions, Petitioner requests that the Court permit counsel time to review the state court proceedings which have not been transcribed and that the State pay for the transcription of those proceedings. Having considered the motions, the record before the Court, and argument of counsel during the recently-held status conference/motion hearing, and for the reasons explained below, the motions are **GRANTED IN PART** and **DENIED IN PART** (Docs. 36, 39).

**I.       Background**

Pursuant to the July 16, 2009, scheduling order, the Court conducted a status conference on Monday, August 23, 2010, and heard arguments on both motions. Francis Lloyd, Amy Harwell, and Michael Passino, appeared as counsel for petitioner, James Dellinger. Frank Borger-Gilligan appeared as counsel for respondent, Ricky Bell.

1

After hearing argument from counsel for the parties, the Court took Petitioner's motions under advisement and scheduled another status conference for Wednesday, October 6, 2010, at 11:00 a.m. In addition, the Court announced all outstanding motions in Petitioner's death penalty case (3:09-cv-104) and his pending life-sentence habeas case (3:09-cv-404) will be heard at the October 6, 2010, status conference and motion hearing.

The Court will now proceed to rule on the motions previously taken under advisement and, for the reasons detailed on the record and summarized below, will permit Petitioner's counsel time to review the tapes of the untranscribed proceedings but will not require the State to pay for any such transcription at this time (Docs. 36 & 39).

**II.     Motions**

   A.     *Motion for Scheduling Conference*

Petitioner filed a motion requesting a scheduling conference wherein he sought the Court's assistance on resolving the "record issue." (Doc. 36). The "record issue" refers to the joint discovery by counsel for both parties, that portions of the state court record of Petitioner's death penalty case were never transcribed. According to counsel, the portions of the record that have not been transcribed include individual *voir dire* by attorneys; jury *voir dire* by the Judge; and other hearings and proceedings conducted during the approximately three years the case was pending for trial. Petitioner's Counsel asserts they have a fundamental duty to review the complete record of state court proceedings and, without providing details or sufficiently identifying the specific issues, counsel claims some of the portions of the record plainly appear to relate to pending claims.

Further, Petitioner seeks an order requiring the State of Tennessee to transcribe those untranscribed portions of the record identified in his motion. Respondent opposed Petitioner's

2

motions, maintaining that the cost of production of the requested transcripts rests with Petitioner (Doc. 35). The Court initially found that the motion lacked an adequate basis, as Petitioner failed to sufficiently demonstrate if or how the identified proceedings were relevant to the issues raised in his habeas petition. As such, the Court reserved ruling on Petitioner's motion, giving Petitioner fifteen days to show a need for, and/or the relevancy of, the untranscribed record to the resolution of the petition or to the Court's determination of whether an evidentiary hearing is needed.

### B. *Motion to Reconsider*

Instead of strictly complying with the Court's Order, Petitioner filed a motion to reconsider, explaining that counsel needs to actually listen to the hearing tapes (which consist of 165 hours of tapes) or read the transcripts of the hearings before being able to demonstrate an adequate basis for the requested transcription at State expense and arguing that fifteen days was an insufficient amount of time in which to accomplish that task (Doc. 39).

#### 1. *Petitioner's Argument*

In his motion to reconsider, Petitioner argues the individual and group *voir dire* of the jury relate, in some unidentified way, to certain claims raised in the habeas petition. Likewise, Petitioner claims untranscribed pretrial motion hearings, which were not specifically identified in the motion to reconsider, are claimed to relate, in some unspecified way, to other claims raised in the habeas petition (Doc. 39, pp. 1-2). During the motion hearing, counsel explained this request included a request for the transcription of State proceedings relating to: the search warrant and Mrs. Dellinger's consent; Petitioner's alleged statements; the search warrant and who signed the return; the motion *in limine* pertaining to statement's made by the victim; a motion for change of venue; and a motion to quash the subpoena of Dr. Cleland Blake. Counsel argued she was entitled to the transcription

3

of those proceedings at the State's expense pursuant to Rule 5(c) of the Rule Governing Section 2254 cases in the United States District Courts which provides as follows:

> The answer must also indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed. The respondent must attach to the answer parts of the transcript that the respondent considers relevant. The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished. If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence.

2..     *Respondent's Argument*

Respondent's counsel did not file a written response to the motion to reconsider, but generally argued during the motion hearing, that while the state court record reflects that these proceedings did occur, that nonetheless prior state trial and post-conviction counsel were aware of these untranscribed proceedings, but chose not to have these proceedings transcribed. Therefore, according to the State, neither these proceedings nor issues related to them were considered by any State court in resolving the issues raised in Petitioner's pending habeas petition and thus, may not now be considered by this Court.

Respondent also argued Petitioner has failed to demonstrate that any of the requested discovery can be used in these habeas proceedings, because the record was available to state counsel and they made the strategic decision not to have those proceedings transcribed nor to present them at the state court level. Respondent contends the untranscribed portions of the state court proceedings are not relevant to the habeas proceeding, or if they are relevant, the Court should not consider them because of Petitioner's procedural default. Respondent has no objection to counsel listening to the tapes and being provided sufficient time to do so, but maintains, nevertheless, that the cost of any transcription of the tapes should be Petitioner's counsel responsibility.

4

*C.*     *Analysis*

The parties agree Petitioner's counsel need to review the tapes and need time to properly conduct that review. The parties do not agree, however, on whether the untranscribed portions of the record are relevant, admissible, or whether their transcription be at the State's expense. At the hearing, although Petitioner's counsel made a general claim that the individual and group *voir dire* of the jury relate to certain claims and that the untranscribed pretrial motions relate to certain broad and generalized claims and potentially relate to still other claims, such proffered non-specific general justifications for the transcription of all of the untranscribed proceedings simply are insufficient to warrant the relief requested. The Court has not been shown with the requisite specificity how the requested transcriptions specifically relate to any of the actual constitutional claims made out in the petition. To the contrary, some of the portions to be transcribed appear to be clearly un-related to any existing claims. For example, Petitioner wishes to transcribe proceedings relating to Petitioner's motion to quash Dr. Cleland Blake's subpoena. However, the Court is unable to discern the relevance of, or reason to transcribe, such a proceeding, since Dr. Cleland Blake did not testify at Petitioner's trial.

Accordingly, because the Court finds Petitioner has not provided an adequate basis for granting all the relief requested in the motions previously taken under advisement, the motions are **GRANTED IN PART** and **DENIED IN PART** without prejudice to a renewal of the motion upon a proper showing (Doc. 36, 39). Specifically, the Petitioner's motions are **GRANTED,** in that, Petitioner's counsel will be allowed adequate time to review the tapes of the untranscribed proceedings, but are **DENIED**, in that, the State will not be required to pay for the transcription of any untranscribed proceedings at this time (Docs. 36, 39).

Whether Petitioner's counsel reviews the tapes audibly, by listening to them, or visually, by having them transcribed, is a decision the Court leaves to Petitioner's counsel. If Petitioner chooses to transcribe the tapes and subsequently files a motion requesting the State to pay for such transcriptions, the Court will then consider at Petitioner's request, if the transcripts for which they seek payment or reimbursement are relevant, not procedurally defaulted, and whether they fairly constitute a part of the record under Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. If they choose this course of action, Petitioner **SHALL** file any such motion on or before September 24, 2010, and Respondent **SHALL** file a response on or before October 4, 2010, so the motion may be addressed during the October 6, 2010, hearing.

### III. Conclusion

In summary, for the reasons explained above, Petitioner's motions requesting to review the untranscribed portions of his state court proceedings and for the State to pay for the transcription of those proceedings (which Petitioner's counsel estimated at approximately $12,000.00), are **GRANTED IN PART** and **DENIED IN PART** without prejudice to renewal of the motion upon a proper showing (Docs. 36, 39).

Specifically, the motions are **GRANTED** to the extent Petitioner's counsel may review the tapes in the manner they so choose. In addition, Petitioner's counsel may timely file another motion requesting payment or reimbursement for the transcription of the state proceedings if they can demonstrate they are relevant and not procedurally defaulted, no later than September 24, 2010, and Respondent **SHALL** file a reply no later than October 4, 2010. The motions are **DENIED** to the extent that the State will not be required at this time, to pay for the transcription of those proceedings which have not been transcribed (Docs. 36, 39).

Finally, the Court will conduct a status conference and motion hearing, on **October 6, 2010, at 11:00 a.m.** in Courtroom 3B, in Knoxville, Tennessee. At that time the Court will hear argument on all outstanding motions in Petitioner's death penalty case (3:09-cv-104) and non-death penalty case (3:09-cv-404), in addition to scheduling dates for future proceedings in the death penalty case.

SO ORDERED.

ENTER:

<u>  s/ C. Clifford Shirley, Jr.  </u>
United States Magistrate Judge