**Exhibit 28**

# ATTACHMENT 15

## Portion of filings initiated by the Tennessee Attorney General's Office Against Dr. Harlan

FILED

IN THE CHANCERY COURT FOR THE TWENTIETH JUDICIAL DISTRICT
DAVIDSON COUNTY, TENNESSEE, AT NASHVILLE

97 DEC 12

CLERK & MASTER
DAVIDSON CO. CHANCERY CT.

STATE OF TENNESSEE, )
Plaintiff, ) ________ DC&M
)
v. ) No. 97-4112-I
)
CHARLES W. HARLAN, M.D., )
individually and FORENSIC PATHOLOGY )
ASSOCIATES, P.C., a domestic corporation, )
)
Defendants. )

## MOTION FOR TEMPORARY INJUNCTION

The State of Tennessee, by and through John Knox Walkup, the Attorney General and Reporter for the State of Tennessee, on behalf of the Division of Consumer Affairs of the Department of Commerce and Insurance and the Department of Health moves this Court, pursuant to § 47-18-108 (a) of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et seq.*, (The Act) for a statutory injunction temporarily enjoining the Defendants, Charles W. Harlan, M.D. individually and Forensic Pathology Associates, P.C., a domestic corporation and their officers, directors, employees, agents, successors and assigns, and other persons in active concert or participation with the Defendants who receive actual notice of this Temporary Injunction, from engaging, directly or indirectly, in acts which are unfair or deceptive to consumers, including, but not limited to the following:

1. Defendants shall not, directly or indirectly, represent, state, advertise or promote that Dr. Charles W. Harlan is appointed to any position by the State of Tennessee (such as, but not limited to, the State of Tennessee Chief Medical Examiner) or that Defendants are affiliated, connected or associated with, or certified or sponsored by, the State of Tennessee, Department of Health.

2. Defendants shall not represent, directly or indirectly, state, advertise or promote that their services are those of the State of Tennessee, Department of Health, Chief Medical Examiner's office or that Defendants' services have the sponsorship, approval or certification of the State of Tennessee.

I HEREBY CERTIFY THAT THIS IS A TRUE COPY
OF ORIGINAL INSTRUMENT FILED IN MY OFFICE.
THIS 17th DAY OF Aug 2007
CRISTI SCOTT, CLERK & MASTER
BY ________
DEPUTY

3. Defendants shall not, directly or indirectly, impersonate, pretend to be or otherwise give the impression to any person that Dr. Charles W. Harlan is the Chief Medical Examiner of the State of Tennessee.

4. Defendants shall be prohibited from, directly or indirectly, using terms or phrases that represent, state, promote or advertise to the public that their business is operated or funded by the State of Tennessee, the Department of Health. Without limiting the scope of this provision, Defendants shall be specifically prohibited from using terms or phrases similar to the following: "State Medical Examiner's Office", "Chief Medical Examiner", "State of Tennessee, Department of Health" or "State of Tennessee, Medical Examiner's Office".

5. Defendants shall be prohibited from, directly or indirectly, representing, stating, promoting, advertising or otherwise misrepresenting to the public that the offices of Charles W. Harlan, M.D. and Forensic Pathology Associates, P.C. located at 620-B Davidson Street, Nashville, TN, or any other office, maintained by Defendants, are offices of the State of Tennessee, that they are the State Medical Examiners Office or that the businesses located therein have any affiliation with the State of Tennessee or the Department of Health. Defendants shall be prohibited from directly or indirectly sending any bills or invoices for services to any person, business, corporation, governmental entity or the like for professional services rendered stating, indicating, representing, advertising, promoting or otherwise leading the recipient to believe that Defendants are in any way affiliated with the State of Tennessee or the Department of Health or that Charles W. Harlan, M.D. is the Chief Medical Examiner for the State of Tennessee.

6. Defendants shall be prohibited from, directly or indirectly, placing advertisements that promote Defendants as the "Chief Medical Examiner", "State Medical Examiner's Office", "State of Tennessee", "Department of Health" or any term or phrase of similar import.

7. Defendants shall not, directly or indirectly, represent that Defendants' advertisements were placed by, or with the approval of the State of Tennessee.

8. Defendants shall not, directly or indirectly, misrepresent that the State of Tennessee, Chief Medical Examiner's Office, or any entity related to the Department of Health is located at 602-B Davidson Street, Nashville, Tennessee.

9. Defendants shall be required to immediately remove any sign or advertisement from

public view that indicates that Defendants' offices are that of the "State of Tennessee, Medical Examiner's Office", "The State of Tennessee", "Department of Health", or any other similar message.

11. In order to correct previous misrepresentations in the BellSouth "Real Yellow Pages" and White Pages advertisements, the Defendants shall be required to clearly, conspicuously and affirmatively inform persons who telephone Defendants' offices that Dr. Charles W. Harlan is not affiliated or associated with the State of Tennessee, the State of Tennessee Medical Examiner's Office or the Department of Health and that Dr. Charles W. Harlan is not the Chief Medical Examiner for the State of Tennessee.

12. In order to correct previous misrepresentations, the Defendants shall be required to clearly, conspicuously and affirmatively inform persons representing the media that Dr. Charles W. Harlan is not the Chief Medical Examiner for the State of Tennessee.

13. Defendants shall be required to clearly, conspicuously and affirmatively withdraw from publication and use any advertisements, including but not limited to "Real Yellow Pages" and White Pages advertisements, business cards, stationary or signs which would violate any provision of this Order.

The State's Motion should be granted because Defendants have and may continue to engage in unfair and/or deceptive acts or practices in violation of the Act. In support of this Motion, the State relies upon the Motion and exhibits attached thereto, the Complaint filed against the Defendants and the Memorandum in Support of Plaintiff's Motion for Temporary Injunction filed simultaneously herewith. The following items are attached as exhibits to this Motion:

> **Exhibit A:** Certified copy of Memorandum Opinion in case style case *State of Tennessee, Department of Health v. Charles W. Harlan, M.D.*, Davidson County Chancery Court Docket No. 95-2214-II, filed on July 21, 1995.
>
> **Exhibit B:** Certified copy of Final Order in case styled *State of Tennessee, Department of Health v. Charles W. Harlan, M.D.*, Davidson County Chancery Court Docket No. 95-2214-II filed August 7, 1995.
>
> **Exhibit C:** Affidavit of Jerrod R. Daniels, Executive Assistant to the Commissioner of the Department of Health.
>
> **Exhibit D:** Letter from Daniel D. Warlick to Scott Jackson dated February 10, 1997.

**Exhibit E:** Affidavit of James R. Wilhelm, Coffee County Executive.

**Exhibit F:** Affidavit of Janet A. Harris, Dickson County Executive.

**Exhibit G:** Affidavit of Herman Jackson, Henry County Executive.

**Exhibit H:** Affidavit of George E. Clark, Houston County Executive.

**Exhibit I:** Affidavit of Carolyn L. Holt, Administrative Clerk, Rutherford County.

**Exhibit J:** Affidavit of David L. Coleman, Budget Director, Williamson County.

**Exhibit K:** Affidavit of Barbara C. Esmond, Paralegal, Consumer Protection Division, Tennessee Attorney General's Office.

**Exhibit L:** Affidavit of Barry Woody, Assistant Director, Tennessee Division of Consumer Affairs of the Tennessee Department of Commerce and Insurance.

**THIS IS THE STATE'S FIRST REQUEST FOR EXTRAORDINARY RELIEF IN THIS ACTION.**

THIS MOTION IS EXPECTED TO BE HEARD ON __________________________, 1997.

Respectfully Submitted,

JOHN KNOX WALKUP
ATTORNEY GENERAL & REPORTER
B.P.R. No. 7776

CYNTHIA E. K. CARTER
B.P.R. No.13533
Deputy Attorney General
Consumer Protection Division

DENNIS J. GARVEY
B.P.R. No. 15754
Deputy Attorney General
Antitrust Division

C. SCOTT JACKSON
B.P.R. No. 11005
Senior Counsel
Consumer Protection Division
425 5th Avenue North
Nashville, Tennessee 37243-0491
(615) 741-2614

13150

**EXHIBIT A**

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | |
| DEPARTMENT OF HEALTH, | ) | |
| | ) | IN THE CHANCERY COURT FOR |
| Plaintiff, | ) | |
| | ) | THE STATE OF TENNESSEE |
| VS. NO. 95-2214-II | ) | |
| | ) | TWENTIETH JUDICIAL DISTRICT |
| CHARLES W. HARLAN, M.D. | ) | |
| | ) | DAVIDSON COUNTY, PART TWO |
| Defendant. | ) | |

FILED

97 DEC 12 PM 12:07

CLERK & MASTER
DAVIDSON CO. CHANCERY CT.

## MEMORANDUM

This matter is before the Court on the application of the State of Tennessee, Department of Health, seeking a writ of possession to compel Dr. Charles W. Harlan to relinquish and turn over all records in his possession which were created and maintained by Dr. Harlan pursuant to his contractual and statutory duties as Chief Medical Examiner for the State of Tennessee. The State asserts that Dr. Harlan has been relieved of his duties as State Medical Examiner and, accordingly, that records in his possession should be relinquished and turned over to the State.

In response to the application for writ of possession, the defendant, Dr. Harlan, asserts that no successor has been appointed to his position, that he is, therefore, "holding over" pending appointment of a successor, that he has a statutory obligation to maintain the records in issue, and that to relinquish those records, short of a court order, would place him in jeopardy of violating his duties.

The parties have stipulated that the return of certain computer equipment to the State is no longer controverted and will be accomplished by agreement of counsel, and the parties have further stipulated that no successor has yet been appointed to Dr. Harlan's position as Chief Medical Examiner for the State of Tennessee.

The Court, after considering the pleadings, arguments of counsel and the entire record is of the opinion that the defendant should relinquish the records in issue to the State of Tennessee, Department of Health based on the following reasoning and determinations.

Tennessee Code Annotated section 38-7-102 requires the Commissioner of Health to appoint a Chief Medical Examiner, with the approval of the governor. In the case at bar, Dr. Harlan was appointed, and his appointment was approved by Governor McWherter. To effect the appointment, a contract between the Department of Health and Dr. Harlan was entered into on October 20, 1994. Dr. Harlan, Commissioner H. Russell White, Commissioner David Manning and Commissioner Don G. Holt all signed the contract. The contract provides that the authority for the contract is Tennessee Code Annotated section 38-7-102 and that the contract pertains to the provision of medical examiner services.

Section C of the contract provides that it is effective for a 12-month period, commencing on July 1, 1994, and ending on June 30, 1995. Additionally, Section D of the contract, "Standard Terms and Conditions," item 3, provides that the State may "terminate the Contract by giving the Contractor [the Medical Examiner] at least 30 days written notice before the effective termination date."

On June 20, 1995, Commissioner Fredia S. Wadley, the current Commissioner for the Department of Health, sent a letter to Dr. Harlan stating that his contract would not be continued after June 30, 1995. By not renewing the contract, Commissioner Wadley relieved Dr. Harlan of his position as State Medical Examiner.

Dr. Harlan asserts, under the authority of Article 7, Section 5 of the Tennessee Constitution, that he is "holding over" until a successor is appointed to his office. But, other than reading a quotation from a brief prepared by the State of Tennessee in a 1994 appeals case involving Dr. Nichopoulos, in which the State's position was that a doctor in that case had determined to hold over and remain in office pending appointment of a successor, Dr. Harlan has not presented the Court with any case law interpretation that would bring the case at bar within the holdover provisions of the Tennessee Constitution Article 7, Section 5.

The Court determines that neither the statutes in issue (sections 38-7-101 *et seq.*), nor the Tennessee Constitution forbids Commissioner Wadley of relieving Dr. Harlan of his duties as State Medical Examiner pursuant to the expiration of the term of his contact. Dr. Harlan entered into a contract with the State of Tennessee, Department of Health, in which he consented and agreed to perform the services of State Medical Examiner pursuant to section 38-7-102, for a 12-month term and which contract also allowed the State to terminate the contract with 30 days notice. The 12-month term is concluded; the contract has been terminated. Accordingly, the Court finds that Dr. Harlan has been lawfully relieved of his duties as Chief Medical Examiner for the State of Tennessee and that the application of the State for writ of possession for records in Dr. Harlan's possession, which were created and

maintained pursuant to Dr. Harlan's contractual and statutory duties as Chief Medical Examiner, should be granted requiring Dr. Harlan to relinquish and return posthaste the records in issue to the State of Tennessee, Department of Health.

Counsel for the State of Tennessee, Department of Health, is requested to prepare an order consistent with this opinion.

ELLEN HOBBS LYLE
CHANCELLOR

cc: Jerrod R. Daniels
Office of General Counsel
Department of Health
11th Floor, Tennessee Tower
312 8th Avenue, North
Nashville, TN 37247-0120

Daniel D. Warlick
Warlick & Todd
611 Commerce Street, Ste. 2802
Nashville, TN 37203

I here[illegible] true copy
of original instrument filed in my office
This 25th day of November 1997
CLAUDIA C. BONNYMAN Clerk & Master
By Deputy Clerk

**EXHIBIT B**

73

RECEIVED

Aug

DAV. CO. CHANCERY COURT

FILED

97 DEC 12 PM 12:08

CLERK & MASTER
DAVIDSON CO. CHANCERY CT.

DC&M

IN THE CHANCERY COURT FOR DAVIDSON COUNTY, TENNESSEE

| | | |
|---|---|---|
| STATE OF TENNESSEE<br>DEPARTMENT OF HEALTH,<br><br>Plaintiff, | ) | |
| vs. | ) | No. 95-2214-II |
| CHARLES W. HARLAN, M.D.,<br><br>Defendant. | ) | ORDER FILED & ENTERED AUG 07 1995<br>MINUTE BOOK ______ PAGE ______ |

FINAL ORDER

WHEREAS, this matter came to be heard on Monday, July 31, 1995, upon the Application for a Writ of Possession filed on behalf of the Plaintiff and the Order to Show Cause signed on July 19, 1995, filed on behalf of the Plaintiff, and upon the record before the Court, evidence presented, and the arguments of counsel, the Court FINDS and ORDERS as follows:

1. The Defendant was lawfully relieved of his duties as Chief Medical Examiner by letter from the Commissioner of the Department of Health and pursuant to the expiration of the Defendant's contract with the Department of Health.

2. The Defendant does not hold over in the position of Chief Medical Examiner after the expiration of the term of his contract on June 30, 1995.

3. The Writ of Possession sought by the Plaintiff shall issue immediately and shall be complied with by the Defendant posthaste.

4. Pursuant to the Writ of Possession, the Defendant shall relinquish to the Plaintiff or its designated agents all records held by the Defendant related to his duties as Chief Medical Examiner as defined by his contract with the Plaintiff.

5. As agreed by the Parties, the Defendant shall relinquish to the Plaintiff the computer equipment, microfilm and microfiche records, and all other items set forth in Exhibit C to the Application for Writ of Possession which are in the possession of the Defendant.

6. The costs of this matter are assessed against the Defendant.

Entered on this the ______ day of ___________, 1995.

ELLEN HOBBS LYLE
CHANCELLOR

APPROVED FOR ENTRY:

Jerrod R. Daniels (#3549)
Attorney for the Plaintiff
Department of Health
Office of General Counsel
11th Floor Tennessee Tower
312 Eighth Avenue, North
Nashville, Tn. 37247-0120
615-741-1611

I hereby certify that this is a true copy of original instrument filed in my office This 25th day of [illegible], 1997
CLAUDIA C. BONNYMAN, Clerk & Master
By

RECEIVED
DEC 19 1997
Dav. Co. Chancery Court

**IN THE CHANCERY COURT FOR DAVIDSON COUNTY, TENNESSEE**
**FOR THE TWENTIETH JUDICIAL DISTRICT AT NASHVILLE**

---

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| Plaintiff, | ) | |
| v. | ) | NF No. 97-4112-I |
| CHARLES W. HARLAN, M.D., individually and FORENSIC PATHOLOGY ASSOCIATES, P.C., a domestic corporation, | ) | |
| Defendants. | ) | |

FILED
97 DEC 19 PM 2:02
CLERK & MASTER
DAVIDSON CO. CHANCERY CT.

## AGREED ORDER GRANTING TEMPORARY INJUNCTION

The State's Motion for Temporary Injunction came to be heard on December 19, 1997. Based upon the agreement of the parties and the record herein, the Court finds that the Plaintiff's Motion for Temporary Injunction should be granted.

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendants Dr. Charles W. Harlan and Forensic Pathology Associates, P.C. and their officers, directors, employees, agents, successors and assigns, and other persons in active concert or participation with the Defendants who receive actual notice of this temporary injunction order, are temporarily enjoined from engaging, directly or indirectly, in the following acts:

A. Defendants shall not, directly or indirectly, represent, state, advertise or promote that Dr. Charles W. Harlan is appointed to any position by the State of Tennessee (such as, but not limited to, the State of Tennessee Chief Medical Examiner) or that Defendants are affiliated, connected or associated with, or certified or sponsored by, the State of Tennessee, Department of Health.

B. Defendants shall not represent, directly or indirectly, state, advertise or promote that their services are those of the State of Tennessee, Department of Health, Chief Medical Examiner's office or that Defendants' services have the sponsorship, approval or certification of the State of Tennessee.

C. Defendants shall not, directly or indirectly, impersonate, pretend to be or otherwise give the impression to any person that Dr. Charles W. Harlan is the Chief Medical Examiner of the State of Tennessee.

D. Defendants shall be prohibited from, directly or indirectly, using terms or phrases that represent, state, promote or advertise to the public that their business is operated or funded by the State of Tennessee, the Department of Health. Without limiting the scope of this provision, Defendants shall be specifically prohibited from using terms or phrases similar to the following: "State Medical Examiner's Office", "Chief Medical Examiner", "State of Tennessee, Department of Health" or "State of Tennessee, Medical Examiner's Office".

E. Defendants shall be prohibited from, directly or indirectly, representing, stating, promoting, advertising or otherwise misrepresenting to the public that the offices of Charles W. Harlan, M.D. and Forensic Pathology Associates, P.C. located at 620-B Davidson Street, Nashville, TN, or any other office maintained by Defendants, are offices of the State of Tennessee, that they are the State Medical Examiner's Office or that the businesses located therein have any affiliation with the State of Tennessee or the Department of Health. Defendants shall be prohibited from directly or indirectly sending any bills or invoices for services to any person, business, corporation, governmental entity or the like for professional services rendered stating, indicating, representing, advertising, promoting or otherwise leading the recipient to believe that Defendants are in any way affiliated with the State of Tennessee or the Department of Health or that Charles W. Harlan, M.D. is the Chief Medical Examiner for the State of Tennessee.

F. Defendants shall be prohibited from, directly or indirectly, placing advertisements that promote Defendants as the "Chief Medical Examiner", "State Medical Examiner's Office", "State of Tennessee", "Department of Health" or any term or phrase of similar import.

G. Defendants shall not, directly or indirectly, represent that Defendants' advertisements were placed by, or with the approval of the State of Tennessee.

H. Defendants shall not, directly or indirectly, misrepresent that the State of Tennessee, Chief Medical Examiner's Office, or any entity related to the Department of Health is located at 620-B Davidson Street, Nashville, Tennessee.

I. Defendants shall be required to immediately remove any sign or advertisement from public view that indicates that Defendants' offices are that of the "State of Tennessee, Medical Examiner's Office", "The State of Tennessee", "Department of Health", or any other similar message.

J. If a person telephones the Defendants and either (1) indicates they are calling to speak with a representative of the State of Tennessee , the State Medical Examiner's Office, the Department of Health or the Chief Medical Examiner's Office or (2) indicates they are calling in response to a listing in the "Real Yellow Pages" or "White Pages", the Defendants shall be required to clearly, conspicuously and affirmatively inform such persons who telephone Defendants' offices that Dr. Charles W. Harlan is not affiliated or associated with the State of Tennessee, the State of Tennessee Medical Examiner's Office or the Department of Health and that Dr. Charles W. Harlan is not the Chief Medical Examiner for the State of Tennessee.

K. If in the presence of the Defendants a member of the media indicates that Dr. Harlan or the Defendants are representatives of the State of Tennessee, the Department of Health, the State Medical Examiner's Office or the Chief Medical Examiner's Office, the Defendants shall be required to clearly, conspicuously and affirmatively inform such persons representing the media that Dr. Charles W. Harlan is not the Chief Medical Examiner for the State of Tennessee or otherwise

associated with the State of Tennessee, the Department of Health or the State Medical Examiner's Office.

L. Defendants shall be required to clearly, conspicuously and affirmatively withdraw from publication and use any listings or advertisements, including but not limited to "Real Yellow Pages" and "White Pages" listings or advertisements, business cards, stationary, forms or signs which would violate any provision of this Order. The Defendants have recently notified the State that they have experienced difficulties withdrawing the "Real Yellow Pages" and "White Pages" listings and advertisements. However, the Defendants shall do everything within their power to withdraw the "Real Yellow Pages"and "White Pages" listings and advertisements. The Defendants shall not pay for any future advertisements which would violate any provision of this Order. Further, the State agrees to assist in this process, if necessary.

II.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that this injunction shall remain in full force and effect pending further orders of this Court.

III.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Court shall retain jurisdiction of this matter for all purposes.

IV.

Defendants agree they have received actual notice of this Order and that they will immediately notify all officers, directors, employees, agents, successors, assigns and the like of this Order. The State shall have no obligation to serve the Defendants with this Order.

V.

Pursuant to Tenn. Code Ann. § 47-18-109(a)(4), the State is not required to provide a security bond.

VI.

Assessment of costs associated with the hearing and entry of this Order Granting Temporary Injunction shall be reserved until a final adjudication of this matter.

SO ORDERED, this 19th day of December, 1997, at ______ p.m.

Carol L. McCoy

CHANCELLOR CAROL L. McCOY
By interchange

I HEREBY CERTIFY THAT THIS IS A TRUE COPY
OF ORIGINAL INSTRUMENT FILED IN MY OFFICE.
THIS 17 DAY OF Aug 2007
CRISTI SCOTT, CLERK & MASTER
BY Carmen Ferrell
DEPUTY

Jointly submitted for entry and approval:

DENNIS J. GARVEY
Deputy Attorney General
B.P.R. No. 15754

CYNTHIA E. KINSER CARTER
Deputy Attorney General
B.P.R. No. 13533

NATALIE S. PRICE
Assistant Attorney General
B.P.R. No. 16255

C. SCOTT JACKSON
Senior Counsel
B.P.R. No. 11005
Consumer Protection Division
425 Fifth Avenue North, 2nd Floor
Nashville, Tennessee 37243-0491
(615) 741-2614

FOR THE DEFENDANTS:

Charles W. Harlan, M.D.

DR. CHARLES W. HARLAN,
Individually and on behalf of
Forensic Pathology Associates, P.C.
620-B Davidson Street
Nashville, Tennessee 37213-1415
Telephone No.: (615) 259-0585

DANIEL D. WARLICK, ESQ.
B.P.R. No. 10310
Attorney for the Respondent
611 Commerce Street, Suite 2712
Nashville, Tennessee 37203-3742
Telephone No. (615) 254-6117

IN THE CHANCERY COURT FOR DAVIDSON COUNTY, TENNESSEE
FOR THE TWENTIETH JUDICIAL DISTRICT AT NASHVILLE

| | | |
|---|---|---|
| STATE OF TENNESSEE,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES W. HARLAN, M.D., individually, and FORENSIC PATHOLOGY ASSOCIATES, P.C., a domestic corporation,<br><br>Defendants. | ) | No. 97-4112-I |

FILED 97 DEC 12 PM 12:05 CLERK & MASTER DAVIDSON CO. CHANCERY CT. D.C.& M.

## COMPLAINT

This civil action is brought in the name of the State of Tennessee, by and through John Knox Walkup, Attorney General and Reporter ("Attorney General"), pursuant to Tenn. Code Ann. §§ 47-18-104(a), (b)(1), (b)(2), (b)(3), (b)(5), (b)(12), (b)(27), 47-18-108(a)(1), and 47-18-114 at the request of the Division of Consumer Affairs of the Tennessee Department of Commerce and Insurance ("Division") and the Department of Health ("Department").

### I. JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to Tenn. Code Ann. § 47-18-108. Venue is proper in Davidson County because it is a county in which Defendants conduct or have conducted business. See Tenn. Code Ann. § 47-18-108(a)(3).

### II. PARTIES

2. Pursuant to Tenn. Code Ann. §§ 47-18-108(a)(1) and 47-18-114, this action is commenced in the name of the State of Tennessee, by the Attorney General, at the request of the Division and the Department. (See Exhibit A, Affidavit and Verification of Mark Williams, Director of the Division of Consumer Affairs and Exhibit B, Affidavit and Verification of Jerrod R. Daniels of the Department of Health).

I HEREBY CERTIFY THAT THIS IS A TRUE COPY OF ORIGINAL INSTRUMENT FILED IN MY OFFICE.
THIS 17 DAY OF Aug 2007
CRISTI SCOTT, CLERK & MASTER
BY [signature]
DEPUTY

misc

2

3. Upon information and belief, Defendants Charles W. Harlan, M.D., individually and Forensic Pathology Associates, P.C. are the operators of a pathology medical office located at 620-B Davidson Street, Nashville, Tennessee. From these offices, the Defendants have engaged in numerous unfair, deceptive and misleading acts and practices.

## III. FACTUAL ALLEGATIONS

4. On or about June 30, 1995, Defendant Dr. Charles Harlan's appointment as the State of Tennessee Chief Medical Examiner was not renewed by the State of Tennessee. Since June 30, 1995, the Defendant has not been affiliated, connected or associated with the State of Tennessee, Department of Health, or the State Medical Examiner's Office. Rather, individual Defendant, Dr. Harlan has performed autopsies as a contract employee for various counties across the State of Tennessee.

5. Upon information and belief, the Defendants promoted, represented and advertised to the general public that Dr. Harlan was and currently is the Chief Medical Examiner for the State of Tennessee. Specific examples of the Defendants' multitude of false statements and representations relating to Dr. Harlan's former and not renewed title of Chief Medical Examiner are discussed herein.

6. On August 5, 1995, the Honorable Chancellor Ellen Hobbs Lyle issued a Final Order in the case of *State of Tennessee, Department of Health* v. *Charles W. Harlan, M.D.*, Davidson County Chancery Court, No. 95-2214-II, which judicially informed the Defendants that Dr. Harlan was not the Chief Medical Examiner for the State of Tennessee and Dr. Harlan had been relieved of those duties. The Court further found the State had lawfully relieved Dr. Charles Harlan of his duties as Chief Medical Examiner for the State of Tennessee by not renewing Dr. Harlan's contract. (A certified copy of the Memorandum Opinion and Final Order are attached as Exhibits A and B to the State's Motion for Temporary Injunction).

7. The Defendants were also re-notified by the State of Tennessee, Department of Health of the Defendants' misrepresentations on July 24, 1996 via a letter from Jerrod R. Daniels of the Department of Health. In spite of these clear warnings, the Defendants continued to falsely represent that Dr. Harlan was the Chief Medical Examiner for the State of Tennessee. Additionally, the Defendants failed to take appropriate corrective measures to prevent such

misrepresentations from continuing or to respond in any way to the letter of notification. (See Affidavit of Daniels which is Exhibit C to the State's Motion for Temporary Injunction.)

8. At the request of the Department of Health and the Division of Consumer Affairs, representatives of the Attorney General's Office again contacted the Defendants regarding the misrepresentations and requested that the misrepresentations cease. In February of 1997, the Defendants allegedly agreed to cease the misrepresentations. (See letter from Daniel D. Warlick to Scott Jackson dated February 10, 1997 attached as Exhibit D to the State's Motion for Temporary Injunction.)

9. During the Summer and Fall of 1997, the State continued to receive information that the Defendants were misrepresenting Dr. Harlan's status as the Chief Medical Examiner for the State of Tennessee.

10. For an extended period of time, the Defendants displayed a sign over the doorway into the medical office located at 620-B Davidson Street in Nashville Tennessee promoting that the office located there is the "State of Tennessee, Medical Examiners(sic) Office". This sign was false, misleading, unfair or deceptive in that the State of Tennessee Medical Examiner's Office is not located at 620-B Davidson Street, Nashville, TN 37213. (See photograph attached to the Affidavit of Daniels which is Exhibit C to the State's Motion for Temporary Injunction.) After being contacted by the Attorney General's Office and agreeing to "cease" such misrepresentations, on or about March 7, 1997, the Defendants placed tape over the language on the sign which says, "State of Tennessee". At some point later, the Defendants failed to continue covering the misrepresentation on the sign and continued to display the "State of Tennessee, Medical Examiners(sic) Office" sign at their offices. This continued until November 24, 1997, when the Defendants received the State's ten day notice of intent to sue. The State of Tennessee employees that delivered the 10 day letter on November 24, 1997 noted that the Defendants' sign promoting the Defendants' office as the "State of Tennessee, Medical Examiners(sic) Office" was being displayed when they delivered the 10 day letter personally to Dr. Harlan. However, when one of the employees returned the next morning to take a photograph of the offending sign, he noticed that the statement "State of Tennessee, Medical Examiners(sic) Office" had again been covered by the Defendants. (See Affidavits of Barbara Esmond and Barry Woody attached as Exhibits K and L to the State's Motion for Temporary Injunction.)

11. Upon information and belief, Defendants ordered and paid for advertisements to be published in the July 1996 and July 1997 BellSouth "Real Yellow Pages", the January 1996 and January 1997 BellSouth "White Pages" and possibly other similar publications throughout the State of Tennessee. Hundreds of thousands of these "Real Yellow Pages" and "White Pages" were distributed to consumers throughout the State of Tennessee and specifically in the Middle Tennessee area. Defendants' advertisement in the "Real Yellow Pages" states as follows:

**STATE MEDICAL EXAMINERS OFFICE**
FORENSIC PATHOLOGY ASSOC.
CHARLES HARLAN M.D.
CHIEF MEDICAL EXAMINER
620-B Davidson St-----------------259-0585

(See BellSouth "Real Yellow Pages" advertisements attached to the Affidavit of Daniels which is Exhibit C to the State's Motion for Temporary Injunction.)

The Defendants' advertisement in the White Pages in both the 1996 and 1997 edition state as follows:

**State Medical Examiners Office**
620-B Davidson Street---------259-0585

(See BellSouth "White Pages" advertisements attached to Affidavit of Daniels for both the January 1996 and January 1997 BellSouth "The White Pages", which is Exhibit C to the State's Motion for Temporary Injunction.)

12. Defendants' July 1996 BellSouth "Real Yellow Pages" advertisement is false, misleading, unfair or deceptive in that the State of Tennessee Medical Examiner's Office is not located at 620-B Davidson Street, Nashville, TN 37213. Additionally, since June 30, 1995, Defendant has not been affiliated with or otherwise associated in any form or fashion with the State of Tennessee Chief Medical Examiner's Office. Further, Dr. Harlan has not been the Chief Medical Examiner or the "State Medical Examiner" for the State of Tennessee since the State did not renew his contract on June 30, 1995.

13. Defendants' July 1997 BellSouth "RealYellow Pages" advertisement is false, misleading, unfair or deceptive in that the State of Tennessee Medical Examiner's Office is not located at 620-B Davidson Street, Nashville, TN 37213. Additionally, since June 30, 1995, Defendant has not been affiliated with or otherwise associated in any form or fashion with the State of Tennessee Chief Medical Examiner's Office. Further, Dr. Harlan has not been the Chief

Medical Examiner or the "State Medical Examiner" for the State of Tennessee since the State did not renew his contract on June 30, 1995.

14. Defendants' January 1996 BellSouth "The White Pages" listing is false, misleading, unfair or deceptive in that the State of Tennessee Medical Examiner's Office is not located at 620-B Davidson Street, Nashville, TN 37213. Additionally, since June 30, 1995, Defendant has not been affiliated with or otherwise associated in any form or fashion with the State of Tennessee Medical Examiner's Office. Further, Dr. Harlan has not been the Chief Medical Examiner or the "State Medical Examiner" for the State of Tennessee since the State did not renew his contract on June 30, 1995.

15. Defendants' January 1997 BellSouth "The White Pages" listing is false, misleading, unfair or deceptive in that the State of Tennessee Medical Examiner's Office is not located at 620-B Davidson Street, Nashville, TN 37213. Additionally, since June 30, 1995, Defendant has not been affiliated with or otherwise associated in any form or fashion with the State of Tennessee Medical Examiner's Office. Further, Dr. Harlan has not been the Chief Medical Examiner or the "State Medical Examiner" for the State of Tennessee since the State did not renew his contract on June 30, 1995.

16. Defendants have promoted, stated, represented or implied to consumers of the State of Tennessee at a minimum through the BellSouth "Real Yellow Pages" advertisement, BellSouth "White Pages", billings, and a sign posted at their business and upon information and belief, other similar representations to the public that Dr. Harlan is associated with or affiliated with the State of Tennessee, Department of Health, State Medical Examiner's Office and that Dr. Harlan is currently the Chief Medical Examiner for the State of Tennessee.

17. Defendants are not authorized by the State of Tennessee to promote that Dr. Harlan is affiliated or associated with the State of Tennessee, the Department of Health, or the Chief Medical Examiner's Office, or to place advertisements that represent or imply that Dr. Harlan is affiliated or associated with the State of Tennessee. Upon information and belief, the Defendants, after entry of a Final Order declaring Dr. Harlan's title as "Chief Medical Examiner" no longer existed, purposefully and knowingly violated the letter and spirit of the Final Order

which judicially recognized that Dr. Harlan was no longer the "Chief Medical Examiner". (See copy of Final Order attached herewith as Exhibit B to the Motion for Temporary Injunction.)

18. The placement of an office sign promoting one's business and placement of a BellSouth "Real Yellow Pages" advertisement and "White Pages" advertisements to promote one's business to consumers, the sending of billings and use of other office forms as alleged herein, constitutes "trade", "commerce" or a "consumer transaction" and the offering of or providing of "services" as defined in Tenn. Code Ann. §§ 47-18-103 (8) and (9).

19. Defendants have directly or indirectly, promoted, stated, represented or advertised to consumers and the State of Tennessee, through service billings, that Dr. Charles W. Harlan is associated and/or affiliated with the "State of Tennessee, Department of Health and Environment, Office of the Chief Medical Examiner" and that Dr. Charles Harlan is the "Chief Medical Examiner" or "State Medical Examiner" for the State of Tennessee. (See copy of bills attached to Affidavits of various county officials which are Exhibits E through J attached to the State's Motion for Temporary Injunction.) For example, Defendants' billings use letterhead with the following address:

**STATE OF TENNESSEE**
**DEPARTMENT OF HEALTH AND ENVIRONMENT**
**OFFICE OF THE CHIEF MEDICAL EXAMINER**
**c/o Forensic Pathology Associates, P.C.**
**620-B Davidson Street**
**Nashville, Tennessee 37213**

Within the billings, the Defendants request payment for the following:

> Charge for supplies and non-professional services rendered in the autopsy performed at the **Chief Medical Examiner's Office for the State of Tennessee** by Charles W. Harlan, M.D., **State Medical Examiner**
> (Emphasis added.)

20. The billings referenced in paragraphs 18 and 19 have been mailed at a minimum to County Executives across the State of Tennessee to obtain payment for autopsies performed by the Defendants. Said billings continued misrepresenting Dr. Harlan's status as the Chief Medical Examiner in complete disregard of Chancellor Lyle's previous Final Order and the warnings issued by the Department of Health and the Attorney General's Office.

21. Defendants use many office billing form that contain multiple misrepresentations about Dr. Harlan's status as the Chief Medical Examiner for the State of Tennessee.

## IV. VIOLATIONS OF THE LAW

For each of the following counts, Plaintiff realleges Paragraphs 1-21:

**Count 1**

22. All of the acts and practices engaged in and employed by Defendants are "unfair or deceptive acts or practices affecting the conduct of any trade or commerce" in Tennessee, which are declared unlawful by Tenn. Code Ann. § 47-18-104(a).

**Count 2**

23. By stating or implying that Defendants' advertisements, office forms, signs and billings are placed on behalf of the State of Tennessee, Defendants have falsely passed off their services as those of another in violation of Tenn. Code Ann. §§ 47-18-104(a), (b)(1), and (b)(27).

**Count 3**

24. By stating or implying that Defendants' advertised services are being offered by the State of Tennessee, or that Defendants' services have or had the sponsorship, approval, or certification of the State of Tennessee, Defendants have caused a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of his services, in violation of Tenn. Code Ann. §§ 47-18-104(a), (b)(2), and (b)(27).

**Count 4**

25 By stating or implying that Defendants' advertisements, signs and billings were placed by, or with the approval of, the State of Tennessee, Defendants have caused a likelihood of confusion or misunderstanding as to Defendants' affiliation, connection or association with, or certification by, the State of Tennessee, in violation of Tenn. Code Ann. §§ 47-18-104(a), (b)(3), and (b)(27).

**Count 5**

26 By stating or implying that Defendants' advertised services are being offered by the State of Tennessee, or that Defendants' services have the sponsorship or approval of the State of Tennessee, and by stating or implying that Defendants have sponsorship, approval, affiliation or connection with the State of Tennessee, Defendants have represented or implied that their services have sponsorship or approval that they do not have, and that Defendants have sponsorship, approval, affiliation or connection that they do not have, in violation of Tenn. Code Ann. §§ 47-18-104(a), (b)(5), and (b)(27).

## Count 6

27. By stating or implying that Dr. Harlan is appointed by the State of Tennessee as the Chief Medical Examiner, Defendants have represented that their services have characteristics, uses, and benefits that they do not have, in violation of Tenn. Code Ann. §§ 47-18-104(a), (b)(5), and (b)(27).

## Count 7

28 By stating or implying that the State of Tennessee Medical Examiner's Office or the State of Tennessee Department of Health and Environment is located at 620-B Davidson Street, Nashville, Tennessee, when such is not the case, Defendants have engaged in unfair, deceptive, or misleading acts or practices in violation of Tenn. Code Ann. §§ 47-18-104(a) and (b)(27).

## Count 8

29 By disseminating materials embossed with the heading "Chief Medical Examiner for the State of Tennessee", "State of Tennessee, Department of Health and Environment, Office of the Chief Medical Examiner", Defendants have engaged in an unfair, deceptive or misleading trade practice, in violation of Tenn. Code Ann. § 47-18-104(a) and (b)(27).

## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, THE STATE OF TENNESSEE PRAYS:

(1) That this Complaint be filed without cost bond as provided by Tenn. Code Ann. §§ 20-13-101, 47-18-108, and 47-18-116.

(2) That process issue and be served upon Defendants requiring them to appear and answer this Complaint.

(3) That this Court adjudge and decree that Defendants have engaged in the aforesaid acts or practices, which are violative of the Tennessee Consumer Protection Act.

(4) That this Court temporarily and permanently enjoin Defendants from engaging in the aforesaid acts or practices, which are violative of the Tennessee Consumer Protection Act.

(5) That this Court adjudge and decree that the Defendants are liable to the State of Tennessee for the reasonable costs and expenses of the investigation and prosecution of the Defendants' actions, including attorneys' fees, as provided by Tenn. Code Ann. § 47-18-108(b).

(6) That this Court adjudge and decree that the Defendants pay to the State civil penalties of not more than One Thousand Dollars ($1,000.00) per violation of the Tennessee Consumer Protection Act as provided by Tenn. Code Ann. § 47-18-108(b).

(7) That all costs in this cause be taxed against Defendants.

(8) That this Court grant Plaintiff such other and further relief as this Court deems just and proper.

Respectfully submitted,


JOHN KNOX WALKUP
Attorney General and Reporter
B.P.R. No. 7776

DENNIS J. GARVEY
Deputy Attorney General
B.P.R. No. 15754

CYNTHIA E. K. CARTER
Deputy Attorney General
B.P.R. No. 13533

C. SCOTT JACKSON
Senior Counsel
B.P.R. No. 11005
Consumer Protection Division
425 Fifth Avenue North
2nd Floor, Cordell Hull Bldg.
Nashville, TN 37243-0491
(615) 741-2614


11062

**IN THE CHANCERY COURT FOR DAVIDSON COUNTY, TENNESSEE**
**FOR THE TWENTIETH JUDICIAL DISTRICT AT NASHVILLE**

| | | |
|---|---|---|
| STATE OF TENNESSEE,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES W. HARLAN, M.D., individually, and FORENSIC PATHOLOGY ASSOCIATES, P.C., a domestic corporation,<br><br>Defendants. | ) | No. ________ |

FILED 97 DEC 12 PM 12:06 CLERK & MASTER DAVIDSON CO. CHANCERY CT. DC&M

**EXHIBIT A TO STATE OF TENNESSEE'S COMPLAINT:**

**AFFIDAVIT AND VERIFICATION OF MARK WILLIAMS, DIRECTOR DIVISION OF CONSUMER AFFAIRS**

State of Tennessee )
)
County of Davidson )

I, MARK WILLIAMS, do hereby depose and aver as follows:

1. I am the duly appointed Director of the Division of Consumer Affairs, Department of Commerce and Insurance, State of Tennessee.

2. I have reviewed the foregoing Complaint and Motion for Temporary Injunction and believe the allegations contained therein to be true and accurate to the best of my knowledge. I, as Director of the Division of Consumer Affairs, have requested the Attorney General to bring this action.

3. The Department of Health notified in writing, Defendant Dr. Charles W. Harlan of the State's concerns relating to his misrepresentations on July 24, 1996. Additionally, at my request, pursuant to Tenn. Code Ann. 47-18-108(a)(2), a 10 day notice was served upon the Defendants.

FURTHER AFFIANT SAITH NOT.

MARK WILLIAMS, Director
Division of Consumer Affairs

Sworn to and subscribed before me this 12 day of December, 1997.

Notary Public:

My Commission Expires: [illegible] 29, 2000

5171

IN THE CHANCERY COURT FOR DAVIDSON COUNTY, TENNESSEE
FOR THE TWENTIETH JUDICIAL DISTRICT AT NASHVILLE

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. ______________ |
| | ) | |
| CHARLES W. HARLAN, M.D., individually, and FORENSIC PATHOLOGY ASSOCIATES, P.C., a domestic corporation, | ) | |
| | ) | |
| Defendants. | ) | |

FILED
97 DEC 12 PM 12:06
CLERK & MASTER
DAVIDSON CO. CHANCERY CT.
DC&M

**EXHIBIT B TO STATE OF TENNESSEE'S COMPLAINT:**

**AFFIDAVIT AND VERIFICATION OF JERROD R. DANIELS OF THE DEPARTMENT OF HEALTH**

State of Tennessee )
)
County of Davidson )

I, Jerrod R. Daniels, do hereby depose and aver as follows:

1. I am the Executive Assistant to the Commissioner of the Department of Health, State of Tennessee.

2. I have reviewed the foregoing Complaint and Motion for Temporary Injunction and believe the allegations contained therein to be true and accurate to the best of my knowledge. The Department of Health has requested the Attorney General to bring this action.

3. The Department of Health provided written notification to the Defendant Dr. Charles W. Harlan of the State's concerns relating to his misrepresentations on July 24, 1996.

FURTHER AFFIANT SAITH NOT.

JERROD R. DANIELS
Department of Health

Sworn to and subscribed before me this 12 day of December, 1997.

Notary Public:

My Commission Expires: January 24, 1998

13095

69272
RECEIVED
JUL 31 1998
Chancery Court

IN THE CHANCERY COURT FOR THE TWENTIETH JUDICIAL DISTRICT
DAVIDSON COUNTY, TENNESSEE AT NASHVILLE

FILED
'98 JUL 31 AM 10 55
CLERK & MASTER
DAVIDSON CO. CHANCERY CT.
D.C. & M.

| | | |
|---|---|---|
| STATE OF TENNESSEE,<br>Plaintiff,<br>v.<br>CHARLES W. HARLAN, individually and FORENSIC PATHOLOGY ASSOCIATES, P.C., a domestic corporation,<br>Defendants. | ) | No. 97-4112-I<br>COST PAID |

# AGREED FINAL JUDGMENT

Plaintiff, the State of Tennessee, by and through John Knox Walkup, the Attorney General and Reporter, on behalf of the Division of Consumer Affairs of the Department of Commerce and Insurance and the Department of Health (hereinafter "State" or "State of Tennessee"), and Defendants, Charles W. Harlan, M.D., individually and Forensic Pathology Associates, P. C. of Nashville, Tennessee (hereinafter collectively referred to as "Harlan" or "Defendants"), as evidenced by their signatures, do consent to the entry of this Judgment and its provisions. Without admitting liability, the Defendants enter into this Judgment solely to avoid the time and expense associated with litigation. This is an Agreed Final Judgment ("Order" or "Judgment") for which execution may issue. This Order only resolves matters set forth in the State's Complaint. Defendants hereby accept and expressly waive any defect in connection with service of process issued on the Defendants by the State. IT IS HEREBY AGREED, ORDERED, AND ADJUDGED THAT:

## 1. DENIAL OF WRONGDOING

1.1 Defendants deny all wrongdoing in this matter.

## 2. JURISDICTION

2.1 Jurisdiction of this Court over the subject matter and over the Defendants for the purpose of entering into and enforcing this Order is admitted. Jurisdiction is retained by this Court for the purpose of enabling the State to apply to this Court at any time for such further orders and directions as may be necessary or appropriate for the construction, modification or execution of this Order. Additionally, jurisdiction is retained to permit the State to petition for enforcement of this Order including punishment of violations thereof including the imposition of civil penalties, attorneys' fees and/or contempt sanctions against the Defendants. Defendants agree to pay all court costs and attorneys' fees associated with any successful petitions to enforce any provision of this Order against Defendants.

## 3. VENUE

3.1 Pursuant to Tenn. Code Ann. § 47-18-107, venue as to all matters between the parties relating hereto or arising out of this Order is solely in the Chancery Court of Davidson County, Tennessee.

## 4. PARTIES

4.1 Defendants, Charles W. Harlan, M. D. , individually and Forensic Pathology Associates, P.C., warrant and represent that they are the proper parties to this Order. Defendants further acknowledge that they understand that the State expressly relies upon this representation and warranty, and that if it is false, unfair, deceptive, misleading or inaccurate, the State has the right to move to vacate or set aside this Order, or request that Defendants be held in contempt, if the State so elects.

4.2 Defendants, Charles W. Harlan, M. D., individually and Forensic Pathology Associates, P.C., represent that they are the true legal names of the entities entering into this Order. The Defendants understand that the State expressly relies upon this representation and if said representations are false, inaccurate, deceptive, unfair or misleading the State has the right to move to vacate or set aside this Order or request that the Defendants be held in contempt, if the State so elects.

## 5. PERMANENT INJUNCTION

Accordingly, it is hereby agreed that upon approval of the Court, Defendants shall be permanently and forever enjoined and bound from, directly or indirectly, engaging in the acts or practices set forth herein:

5.1 Defendants shall not, directly or indirectly, represent, state, advertise or promote that Dr. Charles W. Harlan is appointed to any position by the State of Tennessee (such as, but not limited to, the State of Tennessee Chief Medical Examiner) or that Defendants are affiliated, connected or associated with, or certified or sponsored by, the State of Tennessee, Department of Health.

5.2 Defendants shall not represent, directly or indirectly, state, advertise or promote that their services are those of the State of Tennessee, Department of Health, Chief Medical Examiner's office or that Defendants' services have the sponsorship, approval or certification of the State of Tennessee.

5.3 Defendants shall not, directly or indirectly, impersonate, pretend to be or otherwise give the impression to any person that Dr. Charles W. Harlan is the Chief Medical Examiner of the State of Tennessee.

5.4 Defendants shall be prohibited from, directly or indirectly, using terms or phrases that represent, state, promote or advertise to the public that their business is operated or funded by the State of Tennessee, the Department of Health. Without limiting the scope of this provision, Defendants shall be specifically prohibited from using terms or phrases similar to the following: "State

Medical Examiner's Office", "Chief Medical Examiner", "State of Tennessee, Department of Health" or "State of Tennessee, Medical Examiner's Office".

5.5 Defendants shall be prohibited from, directly or indirectly, representing, stating, promoting, advertising or otherwise misrepresenting to the public that the offices of Charles W. Harlan, M.D. and Forensic Pathology Associates, P.C. located at 620-B Davidson Street, Nashville, TN, or any other office maintained by Defendants, are offices of the State of Tennessee, that they are the State Medical Examiner's Office or that the businesses located therein have any affiliation with the State of Tennessee or the Department of Health. Defendants shall be prohibited from directly or indirectly sending any bills or invoices for services to any person, business, corporation, governmental entity or the like for professional services rendered stating, indicating, representing, advertising, promoting or otherwise leading the recipient to believe that Defendants are in any way affiliated with the State of Tennessee or the Department of Health or that Charles W. Harlan, M.D. is the Chief Medical Examiner for the State of Tennessee.

5.6 Defendants shall be prohibited from, directly or indirectly, placing advertisements that promote Defendants as the "Chief Medical Examiner", "State Medical Examiner's Office", "State of Tennessee", "Department of Health" or any term or phrase of similar import.

5.7 Defendants shall not, directly or indirectly, represent that Defendants' advertisements were placed by, or with the approval of the State of Tennessee.

5.8 Defendants shall not, directly or indirectly, misrepresent that the State of Tennessee, Chief Medical Examiner's Office, or any entity related to the Department of Health is located at 620-B Davidson Street, Nashville, Tennessee.

5.9 Defendants shall be required to immediately remove any sign or advertisement from public view that indicates that Defendants' offices are that of the "State of Tennessee, Medical Examiner's Office", "The State of Tennessee", "Department of Health", or any other similar message.

5.10 If a person telephones the Defendants and either (1) indicates they are calling to speak with a representative of the State of Tennessee , the State Medical Examiner's Office, the Department of Health or the Chief Medical Examiner's Office or (2) indicates they are calling in response to a listing in the "Real Yellow Pages" or "White Pages", the Defendants shall be required to clearly, conspicuously and affirmatively inform such persons who telephone Defendants' offices that Dr. Charles W. Harlan is not affiliated or associated with the State of Tennessee, the State of Tennessee Medical Examiner's Office or the Department of Health and that Dr. Charles W. Harlan is not the Chief Medical Examiner for the State of Tennessee.

5.11 If in the presence of the Defendants a member of the media indicates that Dr. Harlan or the Defendants are representatives of the State of Tennessee, the Department of Health, the State Medical Examiner's Office or the Chief Medical Examiner's Office, the Defendants shall be required to clearly, conspicuously and affirmatively inform such persons representing the media that Dr. Charles W. Harlan is not the Chief Medical Examiner for the State of Tennessee or otherwise associated with the State of Tennessee, the Department of Health or the State Medical Examiner's Office.

5.12 Defendants shall be required to clearly, conspicuously and affirmatively withdraw from publication and use any listings or advertisements, including but not limited to "Real Yellow Pages" and "White Pages" listings or advertisements, business cards, stationary, forms or signs which would violate any provision of this Order. The Defendants have recently notified the State that they have experienced difficulties withdrawing the "Real Yellow Pages" and "White Pages" listings and advertisements. However, the Defendants shall do everything within their power to withdraw the "Real Yellow Pages"and "White Pages" listings and advertisements. The Defendants shall not pay for any future advertisements which would violate any provision of this Order. Further, the State agrees to assist in this process, if necessary.

## 6. RESTITUTION

6.1 Defendants represent and warrant that no consumer has complained that the consumer only retained the Defendants because they believed that Dr. Charles W. Harlan was the Chief Medical Examiner or an agent or entity of the State of Tennessee. Defendants further acknowledge that they understand that the State expressly relies upon this representation and warranty, and that if it is false, unfair, deceptive, misleading or inaccurate, the State has the right to move to vacate or set aside this Order, or request that Defendants be held in contempt, if the State so elects. Further, Defendants shall be required to reimburse any person that comes forward and complains within seven (7) days of receipt of the consumer's complaint. Within ten (10) days of payment to a consumer, Defendants shall be required to notify the State of the name, address and amount paid to any consumer under this part.

6.2 Upon entry of this Order, any billing issued by the Defendants which misrepresents Dr. Charles W. Harlan as the "Chief Medical Examiner", "Department of Health", "State of Tennessee", or term or phrase of similar import, shall be deemed to be null and void. Specifically, any person receiving such a billing shall have no obligation to pay such billing. Further, Defendants are prohibited from engaging in any further billing and collection activities relating to any services which were billed containing misrepresentations.

## 7. PAYMENT OF ATTORNEYS' FEES AND COSTS TO THE STATE

7.1 Defendants shall pay the sum of One Thousand Dollars and 00/100 Cents ($1,000.00) to the State of Tennessee for attorneys' fees and costs of investigation, prosecution and monitoring for compliance of this matter, which may be used for consumer protection purposes at the sole discretion of the Attorney General. This payment shall be made as set forth in section 9.

8. **PAYMENT**

8.1 Defendants shall pay the sum of Four Thousand Dollars and 00/100 Cents ($4,000.00) to the State of Tennessee. This payment shall be made as set forth in section 9. This payment shall be used as follows: as a payment to the General Fund of the State of Tennessee.

9. **FORBEARANCE ON MONETARY EXECUTION AND DEFAULT**

9.1 No execution or garnishment on the monetary portion of this Agreed Final Judgment shall issue so long as the Defendants make payment in accordance with paragraph 8.2 herein. In the event, Defendants fail to make any such payment within thirty (30) days of its due date, the entire balance of this Agreed Final Judgment then remaining may be collected by execution, garnishment or other legal process, together with interest pursuant to Tenn. Code Ann. § 47-14-121 from the date of entry of this Agreed Final Judgment. Defendants agree to pay all attorneys' fees and costs associated with any such collection efforts.

9.2 Payment shall be provided to the Consumer Protection Division of the Office of Attorney General as follows: $100.00 due upon entry of the Order, and $100.00 due on the first of each month thereafter until the sum of Five Thousand Dollars and 00/Cents ($5,000.00) is paid in full. The payments shall be made by certified or cashier's checks made payable to the State of Tennessee.

9.3 The first payments received by the State shall be applied to the attorneys' fees portion of this Order. Once that obligation is completed, the final payments shall be applied to the payment to the states portion of this Order in the order they appear in that section.

9.4 Defendants shall be required to retain proof of all payments to the State in the form of canceled checks or copies of cashier's checks for each payment for a full 24 months following their final payment to the State. Defendants shall provide proof of all payments to the State within ten (10) days of a request for such information.

9.5 Defendants agree that any and all such sums are non-dischargeable in a bankruptcy proceeding.

## 10. MONITORING FOR COMPLIANCE

10.1 Upon request, Defendants agree to provide books, records and documents to the State at any time, and further, to informally or formally under oath, provide testimony and other information to the State relating to compliance with this Order. Defendants shall make any requested information available within ten (10) days of the request, at the Office of the Attorney General or at any other location within the State of Tennessee that is mutually agreeable in writing to Defendants and the Attorney General. This section shall in no way limit the State's right to obtain documents, information, or testimony pursuant to any federal or state law, regulation, or rule.

10.2 Defendants agree that the State has the right to telephone the Defendants' offices for the purpose of confirming compliance with this Order and state law. The State is not required to disclose that they are representatives of the State when making contact with the Defendants. Further, the State may record the conversation without notice to the Defendants.

10.3 Defendants agree to provide the State with copies of their order for the "Real Yellow Pages" and White Pages advertisements for the next 5 years. Said documents must be provided within five (5) days of placing any such advertisement order.

## 11. REPRESENTATIONS AND WARRANTIES

11.1 The acceptance of this Order by the State shall not be deemed approval by the State of any of Defendants' advertising or business practices.

11.2 Defendants shall not represent or imply that any procedures or other acts or practices hereafter used or engaged in by Defendants have been approved, in whole or in part, by the State.

11.3 Neither Defendants nor anyone acting on their behalf shall state or imply or cause to be stated or implied that the Attorney General, the Division of Consumer Affairs, the Department of Commerce and Insurance, Department of Health or any other governmental unit of the State of Tennessee approved, sanctioned, or authorized any practice, act, or conduct of Dr. Harlan.

11.4 Defendants represent and warrant that the execution and delivery of this Order is their free and voluntary act and that this Order is the result of good faith negotiations and that Defendants agree that the Order and terms hereof are fair and reasonable. The parties warrant that they will implement the terms of this Order in good faith.

11.5 Defendants represent that each signatory to this Order has authority to act for and bind the Defendants.

11.6 This Order may only be enforced by the parties hereto.

11.7 The titles and headers to each section of this Order are for convenience purposes only and are not intended by the parties to lend meaning to the actual provisions of the Order.

11.8 This document shall not be construed against the "drafter" because both parties participated in the drafting of this document.

11.9 This Order constitutes the complete agreement of the parties with regard to the resolution of the matters set forth in the State's Complaint. This Order is limited to resolving only matters set forth in the State's Complaint.

11.10 Nothing in this Order shall be construed to limit the authority of the Attorney General to protect the interests of the State or the people of the State of Tennessee. In addition, this Order shall not bar the State or other governmental entity from enforcing laws, regulations or rules against the Defendants.

11.11 This Order shall be binding and effective against the Defendants upon Defendants' execution of the Order.

11.12 Nothing in this Order shall limit the Attorney General's right to obtain information, documents or testimony from the Defendants pursuant to any state or federal law, regulation or rule.

11.13 Defendants will not participate, directly or indirectly, in any activity to form a separate entity or corporation for the purpose of engaging in acts prohibited in this Order or for any other purpose which would otherwise circumvent any part of this Order or the spirit or purposes of this Assurance.

11.14 Within thirty (30) days of the entry of this Order, Defendants shall submit a copy of this Order to each of their officers, directors, employees and any third parties who act, directly or indirectly, on behalf of the Defendants as an agent, independent contractor or who are, involved in conducting business in the State of Tennessee. Within forty-five (45) days of entry of this Order, Defendants shall provide the State with an affidavit verifying and certifying that all required persons have been supplied with a copy of this Order.

## 12. PENALTY FOR FAILURE TO COMPLY

12.1 Defendants understand and acknowledge that pursuant to the provisions of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-108 (c), any knowing violation of the terms of this Order shall be punishable by civil penalties of not more than Two Thousand Dollars ($2,000.00) for each violation, in addition to any other appropriate sanctions including, but not limited to, contempt sanctions and the imposition of attorneys' fees and civil penalties.

12.2 Defendants understand that upon execution and filing of this Order, any subsequent failure to comply with the terms hereof is *prima facie* evidence of a violation of the Tennessee Consumer Protection Act.

## 13. PRIVATE RIGHT OF ACTION

13.1 Nothing in this Order shall be constituted to affect any private right of action that a consumer may hold against the Defendants.

## 14. COMPLIANCE WITH ALL LAWS

14.1 Nothing in this Order shall be construed as relieving the Defendants of the obligation to comply with all state and federal laws, regulations or rules, nor shall any of the provisions of this Order be deemed to be permission to engage in any acts or practices prohibited by such law, regulation, or rule.

## 15. NOTIFICATION TO STATE

15.1 For five (5) years following execution of this Order, Defendants shall notify the Attorney General, c/o Consumer Protection Division, 425 Fifth Avenue North, 2nd floor, Cordell Hull Building, Nashville, Tennessee 37243, in writing at least thirty (30) days prior to the effective date of any proposed changes in their corporate structure, such as dissolution, assignment, or sale resulting in the emergence of a successor corporation or firm, the creation of dissolution or subsidiaries, or any other changes in Defendants' status that may effect compliance with obligations arising out of this Order.

## 16. APPLICATION OF ORDER TO DEFENDANTS

16.1 Defendants agree that the duties, responsibilities, burdens and obligations undertaken in connection with this Order shall apply to Dr. Charles Harlan and Forensic Pathology Associates, P.C., and to each of their officers, directors, partners, affiliates, managers, parents, related entities, agents, representatives, employees, subsidiaries, and any and all other persons or entities acting on their behalf.

## 17. PAYMENT OF COURT COSTS

17.1 All court costs associated with this action and any other incidental costs or expenses incurred thereby shall be borne by Defendants. No costs shall be

taxed to the State as provided by Tenn. Code Ann. § 47-18-116. Further, no discretionary costs shall be taxed to the State.

IT IS SO ORDERED, ADJUDGED AND DECREED.

CHANCELLOR

I HEREBY CERTIFY THAT THIS IS A TRUE COPY OF ORIGINAL INSTRUMENT FILED IN MY OFFICE.
THIS 17 DAY OF Aug 2007
CRISTI SCOTT, CLERK & MASTER
BY Carmon Ferrell
DEPUTY

JOINTLY APPROVED AND
SUBMITTED FOR ENTRY:

FOR THE STATE OF TENNESSEE

JOHN KNOX WALKUP
Attorney General and Reporter
B.P.R. #7776

CYNTHIA E. KINSER
Deputy Attorney General
Consumer Protection Division
B.P.R. #13533

DENNIS J. GARVEY
Deputy Attorney General
Antitrust Division
B.P.R. #15754

VICKIE P. HALL
Office of the Attorney General
Antitrust Division
425 - 5th Avenue North, 2nd Floor
Cordell Hull Building
Nashville, TN 37243-0491
(615) 741-5012

APPROVED BY:

MARK WILLIAMS, DIRECTOR
Division of Consumer Affairs
500 James Robertson Parkway
Davy Crockett Tower, 5th Floor
Nashville, Tennessee 37243-0600
(615) 741-4737

FOR THE DEFENDANTS:

DANIEL D. WARLICK
B.P.R. # 10310
Counsel for Defendants
611 Commerce Street, Suite 2712
Nashville, TN 37203-3742
(615) 254-6117

BY: ____________________
(Signature)

Name: DR. CHARLES W. HARLAN
individually and on behalf of
FORENSIC PATHOLOGY ASSOCIATES, P.C.

Address: 620-B Davidson Street
Nashville, TN 37213-1415

Phone No.: (615) 259-0585

Social Security No. 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

Fed. Taxpayer ID No. ____________________

13120