**Exhibit 30**

**Exhibit 30**

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JESSIE LAFRANTZ JACKSON,<br><br>Petitioner<br><br>v.<br><br>STATE OF TENNESSEE AND FLORA HOLLAND, WARDEN,<br><br>Respondents. | ) | No. 3:97-0444<br>Judge Nixon |

RECEIVED
JUN 14 2001
Federal Public Defender's Office
Nashville, Tennessee

**ORDER**

Pending before the Court is Petitioner's "Application for the Issuance of Certificate of Appealability." (Doc. No. 33.) For the reasons discussed below, the Petitioner's motion is granted in part and denied in part.

**I. Legal Standard**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. 104- 132, Title I, § 102, 110 Stat. 1220 (Apr. 24, 1996), district courts may issue certificates of appealability ("COA"), but such certificates must specify which issues are certified for appeal. Lyons v. Ohio Adult Parole Authority, 105 F.3d 1063, 1076 (6th Cir.1997), overruled in part by Lindh v. Murphy, 521 U.S. 320 (1997). A court of appeals will only consider those issues specified in the certificate of appealability. See Searcy v. Carter, 246 F.3d 515, 518 (6th Cir.2001) (citing Lyons, 105 F.3d at 1074).

A certificate may be granted on an issue only if the applicant has made a substantial

This document was entered on the docket in compliance with Rule 58 and/or Rule 79 (a). FRCP on 6/14/01 By mgc

(34)

showing of the denial of a constitutional right. See 28 U.S.C. § 2253 (2) (West 2001). The Sixth Circuit has determined that the standard for granting a COA found in Barefoot v. Estelle, 463 U.S. 880 (1983), still applies under AEDPA. Lyons, 105 F.3d at 1073. The following standard for granting a certificate was articulated in Barefoot :

> In requiring a 'question of some substance', or a 'substantial showing of the denial of [a] federal right', obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'

463 U.S. at 893 n.4 (citations omitted).

## II. Discussion

Petitioner seeks a COA as to all claims and issues raised in his petition for writ of habeas corpus, however, he has not made a substantial showing of the deprivation of a constitutional right for all of his original claims. (Doc. No. 33 at 2-3.) Petitioner has presented arguments on only four of his claims: 1) the ineffective assistance of trial counsel; 2) an unconstitutional jury instruction on premeditation; 3) the insufficiency of the evidence; and, 4) the ineffective assistance of post-conviction counsel. (Id. at 3.) The Court will consider these four claims, but finds that Petitioner has not made a substantial showing of a denial of a constitutional right with respect to the remaining claims.

### A. Ineffective Assistance of Trial Counsel

In its decision, this Court found that Petitioner's trial counsel was ineffective and that Mr.

Jackson was prejudiced by his counsel's deficient performance. (Doc. No. 27 at 18, 19.) Yet, the Court determined that it was constrained by the Supreme Court's decision in Williams v. Taylor, 529 U.S. 362, 366 (2000). (Doc. No. 27 at 15.) Williams held that a federal habeas court may not find a state adjudication to be unreasonable "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." 529 U.S. at 366. Despite a finding that the state court had erred, this Court was unable to conclude that the state court's adjudication was an unreasonable application of established federal law. (Doc. No. 27 at 21.) The evaluation of unreasonableness under 28 U.S.C. § 2254(d)(1) is debatable among reasonable jurists. See Cone v. Bell, 243 F.3d 961 (6th Cir.2001). Accordingly, a certificate of appealability shall issue on the following question: Was the state court's incorrect determination, that Petitioner was not prejudiced by the ineffective assistance of his trial counsel, also an unreasonable application of federal law under Williams?

B. Unconstitutional Jury Instruction on Premeditation

Petitioner next argues that at trial the judge gave an unconstitutional jury instruction on premeditation which relieved the prosecution of its burden of proving the element of premeditation beyond a reasonable doubt, in violation of In re Winship, 397 U.S. 358 (1970) (holding that all persons charged with crimes are entitled to proof of guilt beyond a reasonable doubt). (Doc. No. 33 at 6.) The challenged instruction informed the jury that "premeditation may be formed in an instant." (Doc. No. 26 at 11.) This instruction was disavowed by the State of Tennessee five years after Petitioner's conviction in State v. Brown, 836 S.W.2d 530, 543 (Tenn.1992). However, the Brown decision was not applied retroactively to cases that had

already been decided. See Lofton v. State, 898 S.W.2d 246 (Tenn.Crim.App.1994).

This Court determined that on habeas it should review *de novo* claims of constitutional error in a jury instruction. (Doc. No. 27 at 26.) It also determined that the error was subject to harmless-error analysis. (Id.) Applying harmless error analysis, the Court determined that despite the instruction's confusing nature, it did not by itself so infect the entire trial that the resulting conviction violated due process. (Id. at 26-27.) See Byrd v. Collins, 209 F.3d 486, 527 (6th Cir.2000). The Court based its decision in part on its finding there were sufficient facts from which a reasonable jury could find that Mr. Jackson had more than an instant in which to form the necessary intent for first-degree murder. Evidence was presented at trial that several minutes passed between the time that the victim quarreled with Mr. Jackson, left his girlfriend's home, and was shot. (Doc. No. 27 at 27.) In effect the Court held that if a correct instruction had been given, a reasonable jury could have found that the prosecution had carried its burden of proving premeditation beyond a reasonable doubt.

The Court also considered whether the error had unfairly impaired the petitioner/defendant's theory of the case. In assessing any impairment to the petitioner's case, the Court noted that Mr. Jackson's defense theory appeared to have been that his was a case of mistaken identity and that someone else had committed the crime. (Id.) As an additional indication that the petitioner/defendant's theory had not been impaired, the Court noted that the Petitioner had not provided an alternative defense that, even if he had killed the victim, he did it without premeditation. (Id.) Petitioner now excerpts this language as evidence that the Court improperly shifted the burden of proof onto Petitioner. (Doc. No. 33 at 7.) This does not accurately reflect the Court's holding. The Court did not require Petitioner to show lack of

premeditation but simply pointed out that he had not attempted to do so, and therefore the questionable jury instruction did not impair his theory of the case. Given the theories of the case presented at trial, the jury had to chose between the Petitioner's version of the facts – that someone else killed the victim – and the prosecutions' version – that Mr. Jackson killed the victim with premeditation. The instruction on premeditation did not impair Mr. Jackson's version of the facts, but if the jury believed that Mr. Jackson had killed the victim, the Court determined that there were sufficient facts before the jury for it to find that Mr. Jackson had more than an instant to form the requisite premeditated intent to kill.

Mr. Jackson asserts that because this Court improperly placed the burden of proving a lack of premeditation on him, and because the evidence relied upon to support a finding of premeditation is inconclusive, this Court's conclusion that the error was harmless is debatable among reasonable jurists and a COA should be granted. (Doc. No. 33 at 7.) Since the Court did not shift the burden of proving a lack of premeditation onto Mr. Jackson and there was sufficient evidence, albeit circumstantial, for a reasonable trier of fact to find premeditation, a certificate shall not issue on this claim.

C. Insufficiency of the Evidence

Petitioner asserts that he is entitled to a COA on his claim that the evidence in his case was insufficient to support a guilty verdict. (Doc. No. 33 at 9.) This apparent entitlement arises from this Court's use of the following language in its opinion: "although the evidence was circumstantial and reasonable jurists could disagree as to the sufficiency of the evidence . . . ." (Doc. No. 33 at 9.) Reading the Court's opinion in its entirety, this entitlement becomes illusory.

in its decision, the Court determined that Petitioner had failed to meet his burden under United States v. Evans, 883 F.2d 496, 501 (6th Cir.1989),[1] because he had not shown that after viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (Doc. No. 27 at 28-29.) The Court acknowledged that where facts were circumstantial, reasonable jurists could debate the degree of sufficiency of the facts, however, in this case Petitioner had not met his burden of showing that no rational jury could have found him guilty. (Id. at 29.) The Court also held that Mr. Jackson had failed to show that the state court's denial of his insufficiency claim was an incorrect or unreasonable application of established federal law. (Id.) Despite the Court's use of language reflecting a debate as to the weight to be given circumstantial evidence, reasonable jurists would agree that Petitioner did not meet his burden of proof on this claim. Accordingly, a certificate of appealability will not issue for this claim.

D. Ineffective Assistance of Post-Conviction Counsel

Despite the clear language of 28 U.S.C. 2254 (i) prohibiting petitioners from raising claims of ineffective assistance of counsel during federal or state collateral post-conviction proceedings, Petitioner argues that if a defendant can only raise his constitutional claim in a post-conviction motion, that this statute should not apply. (Doc. No. 33 at 10.) In his Amended Petition Mr. Jackson argued that the performance of his counsel on direct appeal and post-

[1] Articulating the standard of review in claims of insufficient evidence as "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 883 F.2d at 501 (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

conviction was not in accord with prevailing professional norms, thereby violating his right under the Fifth, Sixth, and Fourteenth Amendments to effective assistance of counsel. Mr. Jackson alleged that his appellate/post conviction counsel was ineffective because he failed to properly investigate and prepare for his post-conviction evidentiary hearings. (Doc. No. 26 at 9.) Petitioner asserted that his counsel's failure to investigate a potentially exculpatory witness prejudiced his ability to prove his innocence on post-conviction review. (Id. at 10.) Mr. Jackson further asserted that his appellate/post conviction counsel's failure to adequately preserve many of the issues in his habeas petition prejudiced him. (Id.)

In his Reply to Respondents' Motion to Dismiss and in the Application currently under review, Petitioner argues for an exception to the rule in Pennsylvania v. Finley, 481 U.S. 551 (1987), which held that a prisoner has no equal protection or due process right to appointed counsel in a post-conviction proceeding. In his Application, Mr. Jackson argues that where a constitutional issue can only be brought in post-conviction, a defendant should have a right to counsel to present this claim. (Doc. No. 33 at 10.) Petitioner asserts that his claim of ineffective assistance of trial counsel could practicably only have been addressed in his state post-conviction petition, and that under Douglas v. California, 372 U.S. 353 (1963), he should be entitled to counsel in his first appeal of this constitutional question. (Doc. No. 33 at 10.) Mr. Jackson asserts that his attorney's failure to raise his ineffective assistance claims during post-conviction constitutes "cause" excusing procedural default. (Id.)

In his Amended Petition, Mr. Jackson stated that after retaining new counsel for direct appeal he filed a motion for a new trial alleging that the evidence was insufficient to support the jury's verdict, which motion was overruled after a hearing. (Doc. No.26 at 4-5.) Petitioner and

his counsel then filed a Notice of Appeal which was dismissed at the request of Mr. Jackson and his counsel. (Id. at 5.) In March of 1989, Mr. Jackson aided by the same counsel filed a Petition for Post-Conviction Relief, claiming ineffective assistance of trial counsel. (Id.) A hearing was held on this Petition at which a portion of the proof concerning the ineffectiveness claim was heard. (Id.) Mr. Jackson amended his Petition to clarify and amplify his claim of ineffective assistance of trial counsel. (Id.) A second hearing on the post-conviction petition was held in May of 1991. (Id.) Mr. Jackson's post-conviction petition was ultimately denied. (Id.) This Court, in its habeas decision, determined that the ineffectiveness of trial counsel claims raised by Petitioner in his §2254 petition had been properly presented to the state courts and preserved for habeas review. (Doc. No. 27 at 18.) As discussed above, the Court concluded that Mr. Jackson had indeed received constitutionally ineffective assistance of trial counsel and that he had been prejudiced by counsel's deficient performance. Notwithstanding the Court's determination that the state court's ruling was in error, the Court did not find that the state court had been unreasonable in its application of clearly established federal law as required by the Supreme Court's decision in Williams.

Since his ineffectiveness of trial counsel claims were presented to the state court and these claims were considered by this Court on habeas review, Mr. Jackson has not demonstrated that he received ineffective assistance of appellate/post-conviction counsel with respect to these claims. Accordingly, a COA shall not issue on the question of whether an exception to Finley should apply for cases where the first opportunity to raise a constitutional issue is on post-conviction review. While reasonable jurists could debate whether such an exception is warranted, this is not the appropriate case for appellate review of this issue.

## III. Conclusion

For the reasons discussed above Petitioner's "Application for the Issuance of Certificate of Appealability" is hereby GRANTED with respect to the claim of ineffective assistance of trial counsel. Accordingly, a CERTIFICATE OF APPEALABILITY SHALL ISSUE on the question of whether the state court unreasonably applied established federal law when it incorrectly determined that Petitioner was not prejudiced by the ineffective assistance of his trial counsel. Petitioner's Application with respect to his remaining claims of: a) an unconstitutional jury instruction on premeditation; b) the insufficiency of the evidence; and, c) the ineffective assistance of post-conviction counsel are DENIED.

It is so ORDERED.

Entered this the 13th day of June, 2001.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT