**Exhibit 31**

IN THE CHANCERY COURT FOR DAVIDSON COUNTY, TENNESSEE

FOR THE TWENTIETH JUDICIAL DISTRICT AT NASHVILLE

**STATE OF TENNESSEE,**

Plaintiff,

v.

CHARLES W. HARLAN, M.D.,
individually, and FORENSIC
PATHOLOGY ASSOCIATES, P.C.,
a domestic corporation,

Defendants.

---

**COMPLAINT**

---

This civil action is brought in the name of the State of Tennessee, by and through John Knox Walkup, Attorney General and Reporter (&quotAttorney General"), pursuant to Tenn. Code Ann. §§ 47-18-104 (a), (b)(1), (b)(2), (b)(3), (b)(5), (b)(12), (b)(27), 47-18-108(a)(1), and 47-18-114 at the request of the Division of Consumer Affairs of the Tennessee Department of Commerce and Insurance (&quotDivision") and the Department of Health (&quotDepartment").

## I. JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to Tenn. Code Ann. § 47-18-108. Venue is proper in Davidson County because it is a county in which Defendants conduct or have conducted business. See Tenn. Code Ann. § 47-18-108(a)(3).

## II. PARTIES

2. Pursuant to Tenn. Code Ann. §§ 47-18-108(a)(1) and 47-18-114, this action is commenced in the name of the State of Tennessee, by the Attorney General, at the request of the Division and the Department. (See Exhibit A, Affidavit and Verification of Mark Williams, Director of the Division of Consumer Affairs and Exhibit B, Affidavit and Verification of Jerrod R. Daniels of the Department of Health).

3. Upon information and belief, Defendants Charles W. Harlan, M.D., individually and Forensic Pathology Associates, P.C. are the operators of a pathology medical office located at 620-B Davidson Street, Nashville, Tennessee. From these offices, the Defendants have engaged in numerous unfair, deceptive and misleading acts and practices.

## III. FACTUAL ALLEGATIONS

4. On or about June 30, 1995, Defendant Dr. Charles Harlan's appointment as the State of Tennessee Chief Medical Examiner was not renewed by the State of Tennessee. Since June 30, 1995, the Defendant has not been affiliated, connected or associated with the State of Tennessee, Department of Health, or the State Medical Examiner's Office. Rather, individual Defendant, Dr. Harlan has performed autopsies as a contract employee for various counties across the State of Tennessee.

5. Upon information and belief, the Defendants promoted, represented and advertised to the general public that Dr. Harlan was and currently is the Chief Medical Examiner for the State of Tennessee. Specific examples of the Defendants' multitude of false statements and representations relating to Dr. Harlan's former and not renewed title of Chief Medical Examiner are discussed herein.

6. On August 5, 1995, the Honorable Chancellor Ellen Hobbs Lyle issued a Final Order in the case of *State of Tennessee, Department of Health v. Charles W. Harlan, M.D.,* Davidson County Chancery Court, No. 95-2214-II, which judicially informed the Defendants that Dr. Harlan was not the Chief Medical Examiner for the State of Tennessee and Dr. Harlan had been relieved of those duties. The Court further found the State had lawfully relieved Dr. Charles Harlan of his duties as Chief Medical Examiner for the State of Tennessee by not renewing Dr. Harlan's contract. (A certified copy of the Memorandum Opinion and Final Order are attached as Exhibits A and B to the State's Motion for Temporary Injunction).

7. The Defendants were also re-notified by the State of Tennessee, Department of Health of the Defendants' misrepresentations on July 24, 1996 via a letter from Jerrod R. Daniels of the Department of Health. In spite of these clear warnings, the Defendants continued to falsely represent that Dr. Harlan was the Chief Medical Examiner for the State of Tennessee. Additionally, the Defendants failed to take appropriate corrective measures to prevent such misrepresentations from continuing or to respond in any way to the letter of notification. (See Affidavit of Daniels which is Exhibit C to the State's Motion for Temporary Injunction.)

8. At the request of the Department of Health and the Division of Consumer Affairs, representatives of the Attorney General's Office again contacted the Defendants regarding the misrepresentations and requested that the misrepresentations cease. In February of 1997, the Defendants allegedly agreed to cease the misrepresentations. (See letter from Daniel D. Warlick to Scott Jackson dated February 10, 1997 attached as Exhibit D to the State's Motion for Temporary Injunction.)

9. During the Summer and Fall of 1997, the State continued to receive information that the Defendants were misrepresenting Dr. Harlan's status as the Chief Medical Examiner for the State of Tennessee.

10. For an extended period of time, the Defendants displayed a sign over the doorway into the medical office located at 620-B Davidson Street in Nashville Tennessee promoting that the office located there is the &quotState of Tennessee, Medical Examiners(sic) Office&quot. This sign was false, misleading, unfair or deceptive in that the State of Tennessee Medical Examiner's Office is not located at 620-B Davidson Street, Nashville, TN 37213. (See photograph attached to the Affidavit of Daniels which is Exhibit C to the State's Motion for Temporary Injunction.) After being contacted by the Attorney

General's Office and agreeing to &quotcease" such misrepresentations, on or about March 7, 1997, the Defendants placed tape over the language on the sign which says, &quotState of Tennessee&quot. At some point later, the Defendants failed to continue covering the misrepresentation on the sign and continued to display the &quotState of Tennessee, Medical Examiners(sic) Office" sign at their offices. This continued until November 24, 1997, when the Defendants received the State's ten day notice of intent to sue. The State of Tennessee employees that delivered the 10 day letter on November 24, 1997 noted that the Defendants' sign promoting the Defendants' office as the &quotState of Tennessee, Medical Examiners(sic) Office" was being displayed when they delivered the 10 day letter personally to Dr. Harlan. However, when one of the employees returned the next morning to take a photograph of the offending sign, he noticed that the statement &quotState of Tennessee, Medical Examiners(sic) Office" had again been covered by the Defendants. (See Affidavits of Barbara Esmond and Barry Woody attached as Exhibits K and L to the State's Motion for Temporary Injunction.)

11. Upon information and belief, Defendants ordered and paid for advertisements to be published in the July 1996 and July 1997 BellSouth &quotReal Yellow Pages", the January 1996 and January 1997 BellSouth &quotWhite Pages" and possibly other similar publications throughout the State of Tennessee. Hundreds of thousands of these &quotReal Yellow Pages" and &quotWhite Pages" were distributed to consumers throughout the State of Tennessee and specifically in the Middle Tennessee area. Defendants' advertisement in the &quotReal Yellow Pages" states as follows:

**STATE MEDICAL EXAMINERS OFFICE**
FORENSIC PATHOLOGY ASSOC.
CHARLES HARLAN M.D.
CHIEF MEDICAL EXAMINER
620-B Davidson St--------------------259-0585

(See BellSouth &quotReal Yellow Pages" advertisements attached to the Affidavit of Daniels which is Exhibit C to the State's Motion for Temporary Injunction.)

The Defendants' advertisement in the White Pages in both the 1996 and 1997 edition state as follows:

**State Medical Examiners Office**
620-B Davidson Street---------259-0585

(See BellSouth &quotWhite Pages" advertisements attached to Affidavit of Daniels for both the January 1996 and January 1997 BellSouth &quotThe White Pages", which is Exhibit C to the State's Motion for Temporary Injunction.)

12. Defendants' July 1996 BellSouth &quotReal Yellow Pages" advertisement is false, misleading, unfair or deceptive in that the State of Tennessee Medical Examiner's Office is not located at 620-B Davidson Street, Nashville, TN 37213. Additionally, since June 30, 1995, Defendant has not been affiliated with or otherwise associated in any form or fashion with the State of Tennessee Chief Medical Examiner's Office. Further, Dr. Harlan has not been the Chief Medical Examiner or the &quotState Medical Examiner" for the State of Tennessee since the State did not renew his contract on June 30, 1995.

13. Defendants' July 1997 BellSouth &uqotReal Yellow Pages" advertisement is false, misleading, unfair or deceptive in that the State of Tennessee Medical Examiner's Office is not located at 620-B Davidson Street, Nashville, TN 37213. Additionally, since June 30, 1995, Defendant has not been affiliated with or otherwise associated in any form or fashion with the State of Tennessee Chief Medical

Examiner's Office. Further, Dr. Harlan has not been the Chief Medical Examiner or the &quotState Medical Examiner" for the State of Tennessee since the State did not renew his contract on June 30, 1995.

14. Defendants' January 1996 BellSouth &quotThe White Pages" listing is false, misleading, unfair or deceptive in that the State of Tennessee Medical Examiner's Office is not located at 620-B Davidson Street, Nashville, TN 37213. Additionally, since June 30, 1995, Defendant has not been affiliated with or otherwise associated in any form or fashion with the State of Tennessee Medical Examiner's Office. Further, Dr. Harlan has not been the Chief Medical Examiner or the &quotState Medical Examiner" for the State of Tennessee since the State did not renew his contract on June 30, 1995.

15. Defendants' January 1997 BellSouth &quotThe White Pages&uqot listing is false, misleading, unfair or deceptive in that the State of Tennessee Medical Examiner's Office is not located at 620-B Davidson Street, Nashville, TN 37213. Additionally, since June 30, 1995, Defendant has not been affiliated with or otherwise associated in any form or fashion with the State of Tennessee Medical Examiner's Office. Further, Dr. Harlan has not been the Chief Medical Examiner or the &quotState Medical Examiner&uqot for the State of Tennessee since the State did not renew his contract on June 30, 1995.

16. Defendants have promoted, stated, represented or implied to consumers of the State of Tennessee at a minimum through the BellSouth &quotReal Yellow Pages" advertisement, BellSouth &quotWhite Pages", billings, and a sign posted at their business and upon information and belief, other similar representations to the public that Dr. Harlan is associated with or affiliated with the State of Tennessee, Department of Health, State Medical Examiner's Office and that Dr. Harlan is currently the Chief Medical Examiner for the State of Tennessee.

17. Defendants are not authorized by the State of Tennessee to promote that Dr. Harlan is affiliated or associated with the State of Tennessee, the Department of Health, or the Chief Medical Examiner's Office, or to place advertisements that represent or imply that Dr. Harlan is affiliated or associated with the State of Tennessee. Upon information and belief, the Defendants, after entry of a Final Order declaring Dr. Harlan's title as &quotChief Medical Examiner" no longer existed, purposefully and knowingly violated the letter and spirit of the Final Order which judicially recognized that Dr. Harlan was no longer the &quotChief Medical Examiner&quot. (See copy of Final Order attached herewith as Exhibit B to the Motion for Temporary Injunction.)

18. The placement of an office sign promoting one's business and placement of a BellSouth &quotReal Yellow Pages" advertisement and &quotWhite Pages" advertisements to promote one's business to consumers, the sending of billings and use of other office forms as alleged herein, constitutes &quottrade", &quotcommerce" or a &quotconsumer transaction" and the offering of or providing of &quotservices" as defined in Tenn. Code Ann. §§ 47-18-103 (8) and (9).

19. Defendants have directly or indirectly, promoted, stated, represented or advertised to consumers and the State of Tennessee, through service billings, that Dr. Charles W. Harlan is associated and/or affiliated with the &quotState of Tennessee, Department of Health and Environment, Office of the Chief Medical Examiner" and that Dr. Charles Harlan is the &quotChief Medical Examiner" or &quotState Medical Examiner" for the State of Tennessee. (See copy of bills attached to Affidavits of various county officials which are Exhibits E through J attached to the State's Motion for Temporary Injunction.) For example, Defendants' billings use letterhead with the following address:

**STATE OF TENNESSEE**
**DEPARTMENT OF HEALTH AND ENVIRONMENT**

**OFFICE OF THE CHIEF MEDICAL EXAMINER**
**c/o Forensic Pathology Associates, P.C.**
**620-B Davidson Street**
**Nashville, Tennessee 37213**

Within the billings, the Defendants request payment for the following:

Charge for supplies and non-professional services rendered in the autopsy performed at the **Chief Medical Examiner's Office for the State of Tennessee** by Charles W. Harlan, M.D., **State Medical Examiner** (Emphasis added.)

20. The billings referenced in paragraphs 18 and 19 have been mailed at a minimum to County Executives across the State of Tennessee to obtain payment for autopsies performed by the Defendants. Said billings continued misrepresenting Dr. Harlan's status as the Chief Medical Examiner in complete disregard of Chancellor Lyle's previous Final Order and the warnings issued by the Department of Health and the Attorney General's Office.

21. Defendants use many office billing forms that contain multiple misrepresentations about Dr. Harlan's status as the Chief Medical Examiner for the State of Tennessee.

## IV. VIOLATIONS OF THE LAW

For each of the following counts, Plaintiff realleges Paragraphs 1-21:

### Count 1

22. All of the acts and practices engaged in and employed by Defendants are &quotunfair or deceptive acts or practices affecting the conduct of any trade or commerce" in Tennessee, which are declared unlawful by Tenn. Code Ann. § 47-18-104(a).

### Count 2

23. By stating or implying that Defendants' advertisements, office forms, signs and billings are placed on behalf of the State of Tennessee, Defendants have falsely passed off their services as those of another in violation of Tenn. Code Ann. §§ 47-18-104(a), (b)(1), and (b)(27).

### Count 3

24. By stating or implying that Defendants' advertised services are being offered by the State of Tennessee, or that Defendants' services have or had the sponsorship, approval, or certification of the State of Tennessee, Defendants have caused a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of his services, in violation of Tenn. Code Ann. §§ 47-18-104(a), (b)(2), and (b)(27).

### Count 4

25. By stating or implying that Defendants' advertisements, signs and billings were placed by, or with the approval of, the State of Tennessee, Defendants have caused a likelihood of confusion or misunderstanding as to Defendants' affiliation, connection or association with, or certification by, the

State of Tennessee, in violation of Tenn. Code Ann. §§ 47-18-104(a), (b)(3), and (b)(27).

**Count 5**

26. By stating or implying that Defendants' advertised services are being offered by the State of Tennessee, or that Defendants' services have the sponsorship or approval of the State of Tennessee, and by stating or implying that Defendants have sponsorship, approval, affiliation or connection with the State of Tennessee, Defendants have represented or implied that their services have sponsorship or approval that they do not have, and that Defendants have sponsorship, approval, affiliation or connection that they do not have, in violation of Tenn. Code Ann. §§ 47-18-104(a), (b)(5), and (b)(27).

**Count 6**

27. By stating or implying that Dr. Harlan is appointed by the State of Tennessee as the Chief Medical Examiner, Defendants have represented that their services have characteristics, uses, and benefits that they do not have, in violation of Tenn. Code Ann. §§ 47-18-104(a), (b)(5), and (b)(27).

**Count 7**

28. By stating or implying that the State of Tennessee Medical Examiner's Office or the State of Tennessee Department of Health and Environment is located at 620-B Davidson Street, Nashville, Tennessee, when such is not the case, Defendants have engaged in unfair, deceptive, or misleading acts or practices in violation of Tenn. Code Ann. §§ 47-18-104(a) and (b)(27).

**Count 8**

29 By disseminating materials embossed with the heading &quotChief Medical Examiner for the State of Tennessee", &quotState of Tennessee, Department of Health and Environment, Office of the Chief Medical Examiner", Defendants have engaged in an unfair, deceptive or misleading trade practice, in violation of Tenn. Code Ann. § 47-18-104(a) and (b)(27).

**PRAYER FOR RELIEF**

WHEREFORE PREMISES CONSIDERED, THE STATE OF TENNESSEE PRAYS:

(1) That this Complaint be filed without cost bond as provided by Tenn. Code Ann. §§ 20-13-101, 47-18-108, and 47-18-116.

(2) That process issue and be served upon Defendants requiring them to appear and answer this Complaint.

(3) That this Court adjudge and decree that Defendants have engaged in the aforesaid acts or practices, which are violative of the Tennessee Consumer Protection Act.

(4) That this Court temporarily and permanently enjoin Defendants from engaging in the aforesaid acts or practices, which are violative of the Tennessee Consumer Protection Act.

(5) That this Court adjudge and decree that the Defendants are liable to the State of Tennessee for the reasonable costs and expenses of the investigation and prosecution of the Defendants' actions, including

attorneys' fees, as provided by Tenn. Code Ann. § 47-18-108(b).

(6) That this Court adjudge and decree that the Defendants pay to the State civil penalties of not more than One Thousand Dollars ($1,000.00) per violation of the Tennessee Consumer Protection Act as provided by Tenn. Code Ann. § 47-18-108(b).

(7) That all costs in this cause be taxed against Defendants.

(8) That this Court grant Plaintiff such other and further relief as this Court deems just and proper.

Back

14991