**Exhibit 37**

(2) there are photographs of the body at the scene, but none showing the face; and, (3) there was an autopsy report of a Tommy Griffin introduced. At no time did the State produce any witness who claimed they went to the morgue and identified the body found at the scene as being Tommy Griffin. This is another element of the failure of the State to prove the case. They do not have the identity of the victim. Also, the identity of the victim in the Branam case was shown by evidence which was objected to. The State relied upon Dr. William Bass who testified Connie Branam was identified through dental records. These dental records were never introduced, nor was the dentist who prepared them.

Also, the State introduced evidence from Dr. Bass, over objection of the Appellants, that the Branam car fire was arson because he had seen many burned cars. The State introduced and used Dr. Bass as an expert in his field of forensic pathology, but did not qualify him or tender him as an expert in the field of arson. His testimony, therefore, should have been excluded and does not constitute harmless error. Dr. Bass' investigation could not show that there was any cause of death or any foul play. His qualifications, however, were not in the field of arson and his testimony should have been excluded.

TN Rules of Evidence, Rule 702

TN Rules Appellate Procedure, Rule 13E

(3) THE COURT ERRED BY ALLOWING INTO PROOF THE EVIDENCE SURROUNDING THE DEATH OF CONNIE BRANAM AS EVIDENCE OF ANOTHER CRIME AND THE IDENTITY OF CONNIE BRANAM WAS NOT ESTABLISHED.

The State argued successfully to this Court that it was

necessary to show the entire case to show common plan. The State's theory was that the Connie Branam murder was done to cover up the murder of Tommy Griffin.

The Defendants insist that if identity was the sole issue in this matter, that simply evidence showing that the Defendants and Connie Branam were together on Saturday and left together and were the last person seen with this person before her body was discovered is insufficient. The elements concerning the gruesome details of the condition of the body, a shell which could not be found to be from a murder weapon, discovering a 303 rifle by unconstitutional means in the search of the Dellinger residence were all unnecessary, prejudicial and probably affected the outcome of this case.

The State was allowed to present and the Defendants were required to defend again the entire case involving Connie Branam. During the presentation of this evidence, as usually happens invariably, there was improper evidence shown to the jury. Covered elsewhere by separate issues are the errors concerning the fact that a juror saw a bag marked "not admitted in Sevier County trial" and that a witness also made reference to a Sevier County trial of the Defendants. The Defendants had resisted at every opportunity through pre-trial motion, standing objection and objection to evidence through this trial any attempt to introduce the Connie Branam murder. There are no similarities between the two murders except the death of the victim. The state was not even able to prove foul play by its proof in the Connie Branam murder in this matter.

The Defendants respectfully insist that presentation of this evidence was so prejudicial and so immaterial and irrelevant that it constitutes reversible error or prosecutorial misconduct to grant dismissal. The State's sole theory was to show common plan and identity. It is respectfully submitted under Tennessee law before evidence of another crime is admitted to show identity that there must be some similarity and uniqueness of plan or method common to the two offenses. This would show that the same person probably used the same method to commit the crime, used the same type of murder weapon or some indication. (This is lacking in this case and Defendants insist that this case is controlled, in part, by State vs. Bobo, 724 SW2d 760, 764-765 (Tn. Crim. App. 1981) and inadmissible.

Simply showing that two persons died after being seen last with the Appellants is not sufficient. In fact, being seen alive is not even grounds for arrest, much less conviction.

Harris vs. State, 227 SW2d 8 (Tn. 1950).

State vs. Fleece, 925 SW2d 558, 560-561 (Tn. Ct. Crim. App. 1995).

State vs. Story, 608 SW2d 599, p. 601-2 (TN Crim. App. 1980). (Perm. Appeal Denied 11/3/80).

In the State vs. Fleece case the Attorney General was arguing before the jury with his personal file of a prior revoked license conviction so that the jury could simply see that. If the file is simply in plain sight of the jury and this conviction was reversed and it is respectfully submitted that the new criteria established in that case should be adopted by this

The Defendants respectfully insist that presentation of this evidence was so prejudicial and so immaterial and irrelevant that it constitutes reversible error or prosecutorial misconduct to grant dismissal. The State's sole theory was to show common plan and identity. It is respectfully submitted under Tennessee law before evidence of another crime is admitted to show identity that there must be some similarity and uniqueness of plan or method common to the two offenses. This would show that the same person probably used the same method to commit the crime, used the same type of murder weapon or some indication. (This is lacking in this case and Defendants insist that this case is controlled, in part, by State vs. Bobo, 724 SW2d 760, 764-765 (Tn. Crim. App. 1981) and inadmissible.

Simply showing that two persons died after being seen last with the Appellants is not sufficient. In fact, being seen alive is not even grounds for arrest, much less conviction.

Harris vs. State, 227 SW2d 8 (Tn. 1950).

State vs. Fleece, 925 SW2d 558, 560-561 (Tn. Ct. Crim. App. 1995).

State vs. Story, 608 SW2d 599, p. 601-2 (TN Crim. App. 1980). (Perm. Appeal Denied 11/3/80).

In the State vs. Fleece case the Attorney General was arguing before the jury with his personal file of a prior revoked license conviction so that the jury could simply see that. If the file is simply in plain sight of the jury and this conviction was reversed and it is respectfully submitted that the new criteria established in that case should be adopted by this

Court. Relevant evidence (e.g. proof of other crime) <u>must be</u> excluded if the unfair prejudice outweighs probative value OR IS DANGEROUSLY CLOSE TO TIPPING THE SCALES. The Defendants argue that this presentation of the gruesome evidence of the Connie Branam case can certainly meet that minimum requirement.

<u>State vs. Nichols</u>, 877 SW2d 722, 732 (Tn. 1994).

Tennessee Rules of Evidence, Rule 404(b).

In the <u>Fleece</u> case the DUI conviction was reversed because the state, by the conduct of the prosecutor, was admitted to raise a strong inference of a prior conviction and, therefore, irreparably hampered the Defendant's chance of receiving a fair trial. A Defendant is guaranteed a fair and impartial trial in any conduct with prejudices that should result in dismissal or reversal.

<u>State vs. Luellen</u>, 867 SW2d 736, 740-741 (Tn. Crim. App. 1993)

US Constitution, Amendment 5, 14.

Constitution of Tennessee, Article I, Sections 6 and 8.

The two murders were not sufficiently similar in detail. The probative value was obviously outweighed by the prejudicial effect as seen by the finding of the jury as to guilt and sentence. Mere similarity does not make prior crime relevant for admission, but unique quality does. The two crimes <u>must</u> have been committed in a unique and distinctive manner. To otherwise hold would prejudice the Defendant.

<u>State vs. Roberson</u>, 846 SW2d 278, 280 (Tn. Crim. App. 1992).

State vs. Howell, 868 SW2d 238, 254 (Tn. 1993).

Also, as pointed out in argument on sufficiency of evidence, the only proof the state introduced as to the identity was a hearsay statement by Dr. Bass that the remains were identified by dental records. The Defendants had objected to his qualifications as an arson expert and also Dr. Bass gave testimony that he did not personally make the identification of the remains. This is not following the hearsay exceptions and this evidence was prejudicial and the state failed to prove the identify of Connie Branam to show that it was in fact Connie Branam's body. Also, no identification was made by serial number or license plate number of the vehicle.

Tennessee Rules of Evidence 403(4)

4. THE TRIAL COURT ERRED IN ALLOWING INTO EVIDENCE THE STATEMENT OF ALCOA POLICE OFFICER DREW ROBERTS CONCERNING STATEMENTS MADE BY THE DECEASED AND FURTHER THE COURT ERRED IN ALLOWING INTO EVIDENCE AS REBUTTAL THE INCIDENT REPORT OF THE SEVIER COUNTY SHERIFF'S DEPARTMENT CONCERNING A MISSING PERSON REPORT OF CONNIE BRANAM.

In the trial of the merits of this case, Officer Drew Roberts was allowed to testify, over objection of Appellants, as to certain statements made by the deceased, Tommy Griffin. He was allowed to testify that he had been in a fight with his friends, but they weren't good friends, he didn't want to tell on them, and various other statements which could not be cross-examined by the Defendants. The source of the statements was, obviously, deceased. The gist of the argument of the prosecution