**Exhibit 43**

SC-06-03-002394

XV 03C01-9706-CC-00226

**IN THE CIRCUIT COURT FOR BLOUNT COUNTY, TENNESSEE**
**FIFTH JUDICIAL DISTRICT**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | : | |
| Plaintiff, | : | |
| vs. | : | NO. C-6669, 6670 |
| JAMES DELLINGER and GARY SUTTON, | : | |
| Defendant. | : | |

FILED
MAY 0 5 1997
TOM HATCHER
CIRCUIT COURT CLERK

TRANSCRIPT OF PROCEEDINGS

**(Ex Parte Proceedings)**

June 18, 1996

THE HONORABLE D. KELLY THOMAS, JR., PRESIDING JUDGE

FILED
Clerk of the Courts
JUN 23 1997
MAILED
CERTIFIED
REGISTERED
REC'D BY

**COURT REPORTER:**

**Karen B. Jinks**
**Official Court Reporter**
**State of Tennessee, Blount County**
**P.O. Box 22264**
**Knoxville, Tennessee 37933**
**(423) 675-2848**

**APPEARANCES**

**FOR THE DEFENDANT JAMES DELLINGER:**

Eugene Dixon
Attorney at Law
215 Ellis Avenue
Maryville, Tennessee 37804

Charles Deas
Attorney at Law
320 S. Court Street
Maryville, Tennessee 37804

**FOR THE DEFENDANT GARY SUTTON:**

F.D. Gibson, III
Attorney at Law
116 E. Harper Avenue
Maryville, Tennessee 37804

John Goergen
Attorney at Law
Knoxville, Tennessee

**IN THE CIRCUIT COURT FOR BLOUNT COUNTY, TENNESSEE**

STATE OF TENNESSEE, :
Plaintiff, :
vs. : No. C-6669, C-6670
JAMES DELLINGER :
and GARY SUTTON, :
Defendants. :

**P R O C E E D I N G S**

(This cause came on for motions to be heard and motions were heard on the 18th day of June, 1996, presided by the Honorable D. Kelly Thomas, Jr., Judge, holding the Circuit Court for Blount County, Criminal Division, at Maryville, Tennessee, after which the following ex parte proceedings were had:)

**THE COURT:** Gentlemen, I have some more bad news and I figured we would put it on the record so if there is an appeal in this case, you will have a record and something to talk about.

Tell me again who our expert services people are that I approved the first go-around. We had Cleland Blake, isn't that

right? Wasn't he -- no, we had some ballistics expert. Cleland Blake was the State's expert.

**MR. DIXON:** No, Cleland Blake was our expert.

**MR. GIBSON:** One of our experts, Your Honor.

**THE COURT:** Oh, he's your-all's? Okay.

**MR. DIXON:** Yes, Cleland Blake was ours. We had --

**MR. GIBSON:** Margie Fargo.

**MR. DIXON:** -- Margie Fargo from Jury Services, Incorporated.

**MR. GIBSON:** Two psychologists. Dr. Young --

**MR. DIXON:** Peter Young and --

**MR. GIBSON:** Dr. Eric Engum.

**MR. DIXON:** -- Eric Engum. Private investigator.

**MR. GIBSON:** Private investigator. We had Gary Litton.

**MR. DIXON:** Gary Litton.

**MR. GIBSON:** And the Court reserved us the right to come back for other experts.

**THE COURT:** I got a letter from Chief Justice Birch in death penalty cases to make sure everything was done ahead of time and reasons for why it was needed and blah, blah, blah, on these kinds of things. Which I think we had done when we did it the first go-round.

Okay. Is Blake still going to be -- are you all going to be using him? Am I needing to continue his authorization or whatever?

**MR. DIXON:** No, sir.

**THE COURT:** Pardon?

**MR. DIXON:** On Blake?

**THE COURT:** Yes.

**MR. DIXON:** No, sir, we don't need him this time.

**MR. DEAS:** That's not to be --

**THE COURT:** I understand. This is --

**MR. GIBSON:** For our purposes, we won't need Blake. We --

**MR. DIXON:** We don't plan on calling him at this point.

**THE COURT:** Okay.

**MR. GIBSON:** We do plan to have -- need some -- the private detective needs to be continued.

**THE COURT:** Right.

**MR. GIBSON:** I don't know about whether he's going to need -- and Dr. Engum needs to be continued. We have his affidavit --

**THE COURT:** What I need you all to do is, on Litton and Engum and then Young, if you're going to use him, I need to know about that. This -- Karen and -- this is totally confidential. Don't say anything to anybody about what we're talking about here and don't let anybody hear this record, Karen.

**COURT REPORTER:** Yes, sir.

**THE COURT:** Okay. You can go ahead.

**MR. GIBSON:** I can tell you what Engum is going to need. I have talked with him. I have an affidavit and haven't had time to do my ex parte order.

**THE COURT:** Get me one of those on him and also on Litton.

**MR. GIBSON:** What about the jury selection expert? When do you want all these?

**MR. DEAS:** I take it the Chief Justice wants to go by the -- more -- as closely as possible, the letter of the statute.

**THE COURT:** Yeah.

**MR. DEAS:** Which we'll try to do.

**THE COURT:** What I'm wanting to tell you. I was just wanting to wait until they got out of the way. I assume they're going to go ahead and pay Ms. Fargo.

**MR. DEAS:** They paid her.

**MR. GIBSON:** They paid her.

**THE COURT:** They did. Okay. I'm not going to allow her for the next time. My theory is that you all spent a week and a half with her and have learned everything from her that a person needs to know about selecting a jury. And you can effectively select a jury -- I think more effectively select a jury this go-around without her. I don't think she's any longer necessary for her -- what were the words we used -- due process and -- what? What is it? To approve these in the first place, I've got to find that it's reasonably necessary for them to -- what?

**MR. DEAS:** Ensure their constitutional rights.

**THE COURT:** Yeah, and that they have a fair trial and their rights are all protected. And I don't think it's any longer necessary to have Ms. Fargo to do that. I thought it was the first time, and I think I may have been wrong then. But, anyway, we had her. But whatever there was to learn from that, you all have learned from that. And you know now what kinds of things she thinks are important. And you can weigh that with your own expertise and background and go.

But I will continue to approve payments for Young, Engum, and Litton. If you change your mind and you're going to need Blake, let me know, and I'll approve that.

**MR. GIBSON:** We do have one other expert that we're thinking about using, but I'll send in an order if I think about one.

**THE COURT:** The sooner that I know, the better, so I can go ahead and --

**MR. GIBSON:** It's only a thousand dollars or less.

**THE COURT:** Okay. All right.

**(END OF PROCEEDINGS.)**

C E R T I F I C A T E

I, the undersigned, Karen B. Jinks, Court Reporter for the Fifth Judicial District of the State of Tennessee, do hereby certify that the foregoing is a true, accurate, and complete transcript, to the best of my knowledge and ability, of all the proceedings had in the ex-parte proceedings in the afore-captioned cause, relative to appeal, in the Circuit Court for Blount County, Tennessee, State Division, on the 18th day of June, 1996.

I do further certify that I am neither of kin, counsel, nor interest to any party thereto.

April 4, 1997

Karen B. Jinks

Court Reporter
State of Tennessee

# CERTIFICATE OF THE COURT

THIS WAS ALL THE PROCEEDINGS HAD RELEVANT TO QUESTIONS RAISED ON THIS APPEAL AT THE EX PARTE PROCEEDINGS HELD IN THIS CAUSE ON THE 18TH DAY OF JUNE, 1996.

The Defendant tenders this, his Transcript of Proceedings, to the Court of Criminal Appeals, for appeal from the verdict announced on September 1, 1996, and the sentence imposed in this cause, entered on the 3rd day of September, 1996, which is signed, approved and ordered to be made a part of the record by the Court.

April 4, 1997

______________________________
JUDGE

**IN THE CIRCUIT COURT FOR BLOUNT COUNTY, TENNESSEE
AT MARYVILLE**

STATE OF TENNESSEE

vs. No. C-6669

JAMES HENDERSON DELLINGER

STATE OF TENNESSEE

vs. No. C-6670

GARY WAYNE SUTTON

FILED
JAN 30 1996
TOM HATCHER
CIRCUIT COURT CLERK

**MOTION TO STRIKE JURORS FOR CAUSE, FOR MISTRIAL
AND FOR CHANGE OF VENUE**

Defendants respectfull

1. To strike the fo e aware of too much pre-trial p r of guilty in the guilty/not guilty

#42

Juanita Poling
Regina Emert
Robert Kennedy
Debbie Moore
Thomas Kirchoff
Joel Goldberg

These jurors, and there are othe lesser extent, of the Sevier Co sister, Connie Branam, the burnin ... of the present victim, the Blount Co ... of the victim in this case, Tommy Griffin. It would be further shown that the Court has used at least three standards to judge the striking for cause or excusing of jurors who know about the convictions of the Defendants and other essential points of proof in the Sevier County case, where the Defendants were found guilty and given a life sentence (some of these jurors also knowing about the life sentence) and essential points of expected proof in the present case. The present standard of proof is the excusing of jurors who are acquainted with the present case facts and/or the present case and the Sevier County case. Use of the present exclusion standard would have excused earliest jurors allowed to remain for continuing voir dire.

Defendants, because of the knowledge of those jurors, may have to use their challenges. whereas these jurors should be excused by the Court.

2. Further, Defendants move for mistrial and/or change of venue for the above-noted reasons.

CHARLES DEAS
Attorney for James H. Dellinger

for F. D. GIBSON
Attorney for Gary W. Sutton

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served upon all other parties in this cause or to their counsel, by hand delivering the same to the office of said counsel, or by placing the same in the United States Mail, sufficient first class postage prepaid, addressed as follows: **Mike Flynn, Attorney General, Blount County Courthouse, Maryville, TN 37804.**

This 30th day of January, 1996.

CHARLES DEAS