**Exhibit 54**

IN THE CIRCUIT COURT FOR BLOUNT COUNTY, TENNESSEE
AT MARYVILLE

STATE OF TENNESSEE )
)
VS. ) INDICTMENT NO. C-6669
)
JAMES HENDERSON DELLINGER )

FILED
DEC 10 1993
ENOCH B. SIMERLY
CIRCUIT COURT CLERK

MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR AN EX PARTE SEALED HEARING

COMES now the accused and respectfully shows to the court in support of the motion for an ex parte sealed hearing as follows:

T.C.A. § 40-14-207(b) provides:

> (b) In capital cases where the defendant has been found to be indigent by the court of record having jurisdiction of the case, such court in an ex parte hearing may in its discretion determine that investigative or expert services or other similar services are necessary to insure that the constitutional rights of a defendant are properly protected. If such a determination is made, the court may grant prior authorization for these necessary services in a reasonable amount to be determined by the court. The authorization shall be evidenced by a signed order of the court./ The order shall provide for the reimbursement of reasonable and necessary expenses by the Executive Secretary of the Supreme Court as authorized by this part, and rules promulgated thereunder by the Supreme Court. (Emphasis added.)

Tennessee Supreme Court Rule 13(2)(B)(10) provides as follows:

> In capital cases, the court may determine that investigative or expert services, or other similar services are necessary to insure the protection of the constitutional rights of a defendant. (Tenn. Code Ann. § 40-14-207).... ct. to determine.

In the case of Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 85 L.Ed.2D 53 (1985), the United States Supreme Court, dealing with a request for psychiatric services, stated:

> When the defendant is able to make an ex parte threshold showing to the trial court that his sanity is likely to be a significant factor in his defense, the need for the assistance of a psychiatrist is readily apparent .... [T]he state must [then], at a minimum, assure the defendant access to a competent psychiatrist to conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense. (Emphasis added.) 470 U.S. at 82-83.

100511

Black's Law Dictionary, 5th ed. (West Publishing Company, St. Paul, Minn. 1979) defines "ex parte" as:

On one side only; by or for one party; done for, in behalf of, one party only. A judicial proceeding, order, injunction, etc. is said to be ex parte when it is taken or granted at the instance and for the benefit of one party only, and without notice to, or contestation by, any person adversely interested. (Emphasis added.)

The Congress of the United States has promulgated statutorily provisions similar to that found in T.C.A. § 40-14-207(b) in which similar requests by the defense in federal prosecutions are to be made ex parte. See Title 18 U.S.C. § 3006(A)(e)(1); and, see 21 U.S.C. § 848(q)(4)(B)(9). In construction of this statutory provision, and other judicial authority, every federal circuit considering a request for an ex parte hearing has upheld them when fundamental fairness to the defendant is at stake.

The reason for the rule as recognized in this state and in this federal circuit, as in all federal circuits, is so that the indigent defendant will be accorded the same opportunity to prepare and present his defense without intrusion or impediment by the state just as a defendant who is not indigent would be able to do. A defendant who can afford to present his defense would be able to do so without making any application to the court or in any other way making his preparation known to the state.

Evolving case law has indicated that in order to obtain compensation for additional defense services, a defendant must make a threshold showing of a need to the court. See, for example, Ake v. Oklahoma, 470 U.S. at 86-87; and, Caldwell v. Mississippi, 472 U.S. 320, 323 n.1, 105 S.Ct.2623, 86 L.Ed.2d 231 (1985). Thus, in order to demonstrate his entitlement to an expert or investigative assistance, the defendant must reveal to the court the theory of the defense, the results of any investigation and witness consultation that has already taken place as a result of other work product, and information that is anticipated from the services sought. Obviously, of necessity, this showing must require disclosure of information obtained in attorney-client interviews and other privileged sources.

The Tennessee Court of Criminal Appeals has held that the ex parte hearing is not discretionary with the trial court, but mandatory. Gipson v. State, C.C.A. No. 1095, Hamilton County, decided August 25, 1989.

The defendant would further show that the right to an ex parte hearing is additionally required for the following reasons:

(1) Because of the nature of the services requested, for example, services requested to, inter alia, assist in the cross-examination of government witnesses.

(2) Because of the necessity to protect the accused's right to equal protection and due process pursuant to the Fourteenth Amendment of the United States Constitution and Article I, Section 8 of the Tennessee Constitution.

(3) Because it is necessary to protect the accused's right to counsel pursuant to the Sixth Amendment of the United States Constitution and Article I, Section 9 of the Tennessee Constitution.

(4) Because it is necessary to protect the accused's right against self-incrimination pursuant to the Fifth Amendment of the United States Constitution and Article I, Section 9 of the Tennessee Constitution.

Should the court have any questions concerning the authority of the accused to request an ex parte hearing, leave is hereby requested to submit additional legal authority consistent with the basis for the request as summarized in the above subparagraphs (1) through (4).

Based upon the legal basis set out above, statutory and judicial authority provides that the accused has a right to an ex parte hearing in order to preserve the confidentiality of the request made. In order to preserve this confidentiality, the accused respectfullly requests that the motions and any orders entered by the court in response to these motions be preserved under seal and not filed in the open records of the Circuit Court Clerk's office, Blount County, Tennessee, or any other location where the contents of any of the matters contemplated in the ex parte hearing would be made available to the state through any source.

FOR THE FOREGOING REASONS, the accused respectfully requests that he be allowed an ex parte hearing on the request for support services and requests that the subject and the product of that hearing be maintained confidentially under seal.

Respectfully submitted,

Eugene B. Dixon
Attorney for Defendant
215 Ellis Avenue
Maryville, TN 37801
615/982-4747

Charles Deas
Attorney for Defendant
320 S. Court Street
Maryville, TN 37801
615/984-2720