UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JAMES DELLINGER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.:  3:09-CV-104-TAV-DCP |
| | ) | |
| TONY MAYS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

This case is before the Court upon a second amended petition for habeas corpus under 28 U.S.C. § 2254 brought by James Dellinger, a Tennessee death row inmate ("Petitioner"). Presently at issue is Petitioner's renewed motion for partial summary judgment [Doc. 143], Respondent's response in opposition to that motion [Doc. 170], and Petitioner's reply [Doc. 173]. Also at issue is Petitioner's motion to reconsider, clarify, or supplement a prior order of the Court [Doc. 160]. Respondent filed a response in opposition to that motion as well [Doc. 166].

The Court previously entered an order denying Petitioner's motion for partial summary judgment and denying without prejudice Petitioner's motion to reconsider, clarify, or supplement [Doc. 180]. This supporting opinion now follows.

I.   **BACKGROUND**

Petitioner, along with codefendant Gary Wayne Sutton, was convicted by a Blount County jury of premeditated first-degree murder in the death of Tommy Griffin. At the penalty stage, the state presented evidence that Petitioner and Sutton previously had been

convicted of premeditated first-degree murder in the death of Connie Branam in Sevier County.[1] Finding that the aggravating circumstance of their previous first-degree murder convictions in Sevier Count outweighed any mitigating circumstances, the Blount County jury sentenced both Petitioner and Sutton to death for Griffin's murder. Petitioner's conviction and death sentence were affirmed by the Tennessee Court of Criminal Appeals ("TCCA") and the Tennessee Supreme Court on direct review. *State v. Dellinger*, 79 S.W.3d 458 (Tenn. 2002). Petitioner's petition for writ of certiorari was denied by the United States Supreme Court. *Dellinger v. Tennessee*, 537 U.S. 1090 (2002).

The trial court subsequently denied Petitioner's petition for post-conviction relief and the TCCA affirmed. *Dellinger v. State*, No. E2005-01485-CCA-R3-PD, 2007 WL 2428049 (Tenn. Crim. App. Aug. 28, 2007). The Tennessee Supreme Court granted permission to appeal and affirmed the denial of post-conviction relief. *Dellinger v. State*, 279 S.W.3d 282 (Tenn. 2009).

## II. PROCEDURAL HISTORY

On February 25, 2009, Petitioner filed an initial capital habeas petition pro se [Doc. 3]. After counsel was appointed, an amended habeas petition was filed on November 30, 2009 [Doc. 26]. Respondent filed an answer [Doc. 34] which, with Respondent's consent, was deemed a dispositive motion "because a large component" of it was "seemingly

---

[1] Connie Branam was the sister of Tommy Griffin. Petitioner and Sutton both were convicted and sentenced to life imprisonment in Sevier County for Branam's murder. Petitioner's challenge to his conviction and sentence for that offense is the subject of pending federal habeas proceedings before this Court at *Dellinger v. Mays*, No. 3:09-CV-404.

designed to function as a motion for summary judgment or motion to dismiss" [Doc. 54]. Petitioner filed a response to Respondent's answer/motion for summary judgment in conformity with Federal Rule of Civil Procedure 56 [Doc. 63], then a "reorganized" response in compliance with a Court order [Doc. 73].

On the same day Petitioner filed his reorganized response, the United States Supreme Court decided *Martinez v. Ryan*, 566 U.S. 1 (2012), which recognized a limited exception to the general rule set forth in *Coleman v. Thompson*, 501 U.S. 722, 732 (1991), that attorney error in state post-conviction proceedings cannot constitute cause to excuse a procedural default in federal habeas proceedings.[2] As a result, an amended scheduling order was entered on October 15, 2012, permitting Petitioner to file an amended habeas petition but "only . . . to the extent Petitioner may add his *Martinez* arguments to his ineffective assistance of counsel claims" [Doc. 94 p. 2].

Pursuant to that order, Petitioner filed a second amended habeas petition [Doc. 95] and Respondent filed an amended "answer/motion for summary judgment" [Doc. 97]. The parties then filed the following: Petitioner's response to Respondent's answer/motion for summary judgment [Doc. 107]; Respondent's reply [Doc. 108]; Petitioner's sur-reply [Doc. 112]; and Respondent's response to the sur-reply [Doc. 113].

---

[2] Specifically, *Martinez* held: "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 566 U.S. at 17.

On September 27, 2014, the Court granted Petitioner's motion to stay this case pending exhaustion of an *Atkins* claim[3] in state court [Doc. 116]. On June 27, 2016, Petitioner filed several motions including the pending renewed motion for partial summary judgment [Doc. 143], a motion to vacate the stay [Doc. 144], and a motion asking the Court to take judicial notice of certain filings in the federal habeas proceedings arising from Petitioner's first-degree murder conviction in Sevier County [Doc. 145]. The Court entered an order lifting the stay and indicating that it would take judicial notice of the fact that Document Numbers 77, 78, and 94 were filed in *Dellinger v. Mays*, No. 3:09-CV-404 [Doc. 152]. The Court emphasized, however, that it was taking "judicial notice of these filings and their contents, but not as to the truth of the contents of those documents," in order to "preserve Respondent's opportunity to present contrary argument as to any factual disputes that may arise with respect to those documents" [*Id*. p. 3].

Petitioner subsequently filed a motion to "reconsider, clarify or supplement" the Court's order primarily as it relates to judicial notice [Doc. 160] and Respondent filed a motion in opposition [Doc. 166]. Respondent also filed a response in opposition to Petitioner's renewed motion for summary judgment [Doc. 170] to which Petitioner replied [Doc. 173].

---

[3] In *Atkins v. Virginia*, 536 U.S. 304 (2002), the United States Supreme Court held that the execution of a mentally disabled criminal constitutes cruel and unusual punishment in violation of the Eighth Amendment.

## III. ANALYSIS

### A. Petitioner's Motion to Amend, Clarify, or Supplement Court Order [Doc. 160]

The Court first will address Petitioner's motion to amend, clarify, or supplement the Court's order dated October 6, 2016. In that order, the Court explicitly indicated that it would take "judicial notice of [Document Numbers 77, 78 and 94 filed in *Dellinger v. Mays*, No. 3:09-CV-404] and their contents, but not as to the truth of the contents of those documents," in order to "preserve Respondent's opportunity to present contrary argument as to any factual disputes that may arise with respect to those documents" [Doc. 152 p. 3]. Petitioner seeks "reconsideration, clarification or supplementation" of the Court's prior order as it relates to judicial notice. In addition, Petitioner also asks the Court to direct Respondent to file a specific response to Petitioner's statement of undisputed material facts [Doc. 160 p. 1]. This motion has been **denied without prejudice**, the Court having found, for the following reasons, "no need to reconsider or clarify its previous order" [Doc. 180 p. 2].

Petitioner first asks that the Court clarify the order so as to reserve a decision as to "whether and how" the findings in *Dellinger v. Mays*, No. 3:09-CV-404, will be given preclusive effect until after Respondent has filed a reply to Petitioner's motion for partial summary judgment [Doc. 160 p. 2]. As Respondent since has filed a response in opposition to Petitioner's partial summary judgment motion [Doc. 170], this request is moot.

In any event, the Court's prior order as it relates to judicial notice requires no additional clarification. The order plainly states that the Court will take judicial notice of

the fact that certain documents were filed in the companion case of *Dellinger v. Mays*, No. 3:09-CV-404, and of their contents, but *not* as to the truth of the facts contained in those documents [Doc. 152 p. 3]. The Court's ruling in this regard is in full accordance with case law in this circuit. *See Jergens v. Ohio Dep't of Rehab. & Corr. Adult Parole Auth.*, 492 F. App'x. 567, 569 (6th Cir. 2012); *United Pet Supply, Inc. v. City of Chattanooga*, 921 F. Supp. 2d 835, 844 (E.D. Tenn. 2013) (taking judicial notice of the existence of previous filings and their contents but declining to consider the contents as resolving factual disputes) (citation omitted).

In addition, as will be discussed in more detail below, collateral estoppel does not apply in this case to preclude further litigation of Petitioner's claims of ineffective assistance of post-conviction counsel. Accordingly, the findings in the related habeas case are not entitled to any preclusive effect in this proceeding, and thus any issues relating to the scope of judicial notice of the filings in that case, and the facts contained therein, are moot.[4]

Finally, Petitioner requests an order from the Court requiring Respondent to file a separate response specifically addressing Petitioner's statement of undisputed material facts [Doc. 143-1] in adherence with the provisions of Federal Rule of Civil Procedure 56(c)(1)(B) [Doc. 160 p. 3]. Respondent in turn has asked the Court to waive any requirement arising under Rule 56 to file a specific response to Petitioner's statement of

---

[4] As a result, Petitioner's request to supplement the record in this case through the filing of an additional 46 documents from the companion case of *Dellinger v. Mays*, No. 3:09-CV-404, as identified in Petitioner's notice of designation [Doc. 161], is unnecessary and is denied.

undisputed material facts, as such a response "would not be helpful" in resolving Petitioner's motion for partial summary judgment in light of the deference due to state court findings of fact under the review standards set forth in § 2254(e) [Doc. 166 p. 2].

The Court agrees with Respondent that a specific response to Petitioner's statement of undisputed material facts is unnecessary to the Court's resolution of Petitioner's motion for partial summary judgment, as will be discussed further below, and will not require Respondent to provide such a statement in this case.

B. **Petitioner's Motion for Partial Summary Judgment [Doc. 143]**

Petitioner's second amended § 2254 petition alleges, *inter alia*, that he was denied his right to effective assistance of counsel at every stage of the state court criminal proceedings, from pre-trial (¶¶ 3.7.1–2), through trial (¶ 3.7.3), sentencing (¶ 3.7.4), direct appeal (¶ 3.7.5), and post-conviction relief (¶ 3.7.8) [Doc. 95 pp. 26–44]. Petitioner has moved for partial summary judgment on his claims of ineffective assistance of sentencing counsel ("IASC") set forth in ¶¶ 3.7.4.1–4 of the second amended petition and ineffective assistance of post-conviction counsel ("IAPC") set forth in ¶¶ 3.7.8.1–6. Specifically, he asserts that there is no genuine issue of material fact that trial counsel's performance at sentencing was objectively unreasonable or that the deficient performance of counsel in his state post-conviction proceedings constitutes cause to excuse the procedural default of substantial unexhausted claims of ineffective assistance of trial counsel that post-conviction counsel failed to present in state court [Doc. 143–2 p. 2].

7

Petitioner advances three reasons in support of partial summary judgment in his favor on his IASC and IAPC claims: (1) Respondent's answer/motion for summary judgment fails to comply with either the Court's third amended scheduling order or Federal Rule of Civil Procedure 56, resulting in a waiver of Respondent's ability to challenge Petitioner's allegations of IASC and IAPC as set forth in the second amended habeas petition; (2) Respondent's failure to address the factual bases for Petitioner's IAPC claims in the answer/motion for summary judgment should be deemed an admission of Petitioner's allegations relating to those claims under Federal Rule of Civil Procedure 8(b)(6); and (3) Respondent is collaterally estopped from re-litigating a number of issues determined by the Court in an order entered in the related case of *Dellinger v. Mays*, No. 3:09-CV-404 [Docs. 83; 94]. For the following reasons, Petitioner's motion for partial summary judgment has been **denied** [Doc. 180 p. 1].

### 1. Third Amended Scheduling Order and Rule 56

Petitioner's first argument for partial summary judgment is that Respondent's amended answer and motion for summary judgment [Doc. 97] "is a nullity and has no force or effect" because it complies with neither the Court's third amended scheduling order [Doc. 94] nor Federal Rule of Civil Procedure 56 [Doc. 143–2 p. 3]. The Court finds no basis to grant partial summary judgment to Petitioner on this ground.

#### a. Third Amended Scheduling Order

In light of the Supreme Court's decision in *Martinez*, *supra*, the Court's third amended scheduling order permitted Petitioner to amend his habeas petition to "add his

*Martinez* arguments to his ineffective assistance of counsel claims" [Doc. 94 p. 2]. The order further directed Respondent to file an amended answer and motion for summary judgment, but again limited to additional "arguments responding to Petitioner's *Martinez* claims" [*Id*. p. 3].

Petitioner then filed a second amended habeas petition setting forth at ¶ 1.93 his position with regard to the *Martinez* exception and adding his "*Martinez*-based claims" at ¶ 3.78 [Doc. 95 pp. 6–8, 41–44]. In sum, Petitioner alleges that his state-court post-conviction attorneys "were ineffective in failing to investigate, research, prepare and present each and every substantive and related ineffective assistance of counsel claim raised in this Second Amended Petition as well as to properly support those claims with evidence, argument and record materials" [*Id*. p. 6]. He further alleges that those same counsel were ineffective "because lead counsel was seriously mentally ill and unable to perform, and did not perform her duty in this case" [*Id*. p. 7]. Because the ineffective-assistance-of- counsel claims that post-conviction counsel failed to present are substantial, the failure of post-conviction counsel "to investigate, research, prepare and present the facts and legal arguments in support of the substantial claims in this Second Amended Petition constitutes 'cause' for excusing the default of such claims" under *Martinez*. [*Id*. at 8].

Respondent then filed an amended answer and motion for summary judgment [Doc. 97]. Contrary to Petitioner's assertion, the amended answer explicitly addresses *Martinez*,

9

arguing that (1) *Martinez* does not apply in Tennessee,[5] and (2) even if it does, Petitioner is not entitled to relief because *Martinez* does not apply to excuse the default of any claims resulting from the ineffectiveness of post-conviction appellate counsel and because Petitioner's other asserted claims are not substantial [*Id*. pp. 30–37]. Respondent's answer fully complies with the directive of the Court in the third amended scheduling order to file an amended answer limited to additional "arguments responding to Petitioner's *Martinez* claims."

### b. Rule 56

Petitioner also contends that Respondent's answer and motion for summary judgment does not comply with the provisions of Rule 56 requiring a showing of material facts that cannot be genuinely disputed because it does not address Petitioner's IAPC allegations [Doc. 143-2 p. 4]. As a result, Petitioner asserts, Respondent's "procedural default defense is trumped by the undisputed IAPC allegations" [*Id*. p. 5]. Because review in this case is governed by the standards set forth in § 2254, the Court will not grant summary judgment in Petitioner's favor due to an asserted lack of compliance with the dictates of Rule 56.

Although habeas corpus proceedings are characterized as civil in nature, *see*, *e.g.*, *Fisher v. Baker*, 203 U.S. 174, 181 (1906), a discrete set of Rules governs federal habeas

---

[5] The Sixth Circuit subsequently rejected this argument and explicitly held that the *Martinez-Trevino* exception to *Coleman* does apply in Tennessee cases because Tennessee's procedural framework directs defendants to file ineffective-assistance claims in post-conviction proceedings rather than on direct appeal. *Sutton v. Carpenter*, 745 F.3d 787, 795–96 (6th Cir. 2014).

proceedings initiated by state prisoners. *See* Rules Governing Section 2254 Cases in the United States District Courts ("habeas rules"). Rule 12 of the habeas rules permits application of the Federal Rules of Civil Procedure in habeas cases only "to the extent that [the civil rules] are not inconsistent with any statutory provisions or [the habeas] rules." As the Supreme Court has recognized, Rule 12 "permits application of the civil rules only when it would be appropriate to do so," and would not be "inconsistent or inequitable in the overall framework of habeas corpus." *Mayle v. Felix*, 545 U.S. 644, 654 (2005) (citing Advisory Committee's Note on Habeas Corpus Rule 11, later renumbered as Rule 12); *see also* Fed. R. Civ. P. 81(a)(4)(A) (Federal Rules of Civil Procedure apply to habeas corpus proceedings only to the extent that the practice in such proceedings "is not specified" in a federal statute or the habeas rules and "has previously conformed to the practice in civil actions").

Courts have recognized that while Rule 56 of the Federal Rules of Civil Procedure regarding summary judgment applies generally "with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), it applies only to the extent that it does not conflict with § 2254 or the habeas rules, S*mith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004). Accordingly, where the standards of Rule 56 conflict with the standards applicable under the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, AEDPA trumps Rule 56. *Gentry v. Sinclair*, 576 F. Supp. 2d 1130 (W.D. Wash. 2008) (Rule 56 doctrine that all evidence must be construed in the light most favorable to the party

11

opposing summary judgment conflicts with, and is trumped by, § 2254(e)(1), which mandates that findings of fact made by a state court are 'presumed to be correct').

The standard of review under the AEDPA is clear. When a state court adjudicates a claim on the merits, habeas relief is available only if the adjudication of that claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Pursuant to § 2254(e)(1) "a determination of a factual issue made by a State court shall be presumed to be correct" and the "applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

Moreover, before a federal court may review a federal claim raised in a habeas petition, it first must determine whether the petitioner has exhausted the remedies available in state court. *See* 28 U.S.C. § 2254(b)(1). If a federal habeas claim has not been presented to a state court for adjudication, then it is unexhausted and may not properly serve as the basis of a federal habeas petition. *See Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). A petitioner who fails to raise a federal claim in the state courts and who is now barred by a state procedural rule from returning with the claim to those courts has committed a procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991). A procedural default forecloses federal habeas review, unless the petitioner can show cause to excuse

the failure to comply with the state procedural rule and actual prejudice resulting from the alleged constitutional violation. *Id*. at 750.

Here, Respondent argues in his answer/motion for summary judgment that all but one of Petitioner's IASC claims has been procedurally defaulted and that the other claim was addressed by the Tennessee Court of Criminal Appeals. Respondent's answer is sufficient for the Court to consider the IASC claims under the appropriate standards of AEDPA, and the Court will not apply Rule 56 standards to grant Petitioner summary judgment on these claims.

As to Petitioner's IAPC claims, Respondent did, in fact, set forth its position in regard to these claims. Specifically, Respondent argues that Petitioner is not entitled to relief because *Martinez* does not apply to excuse the default of any claims resulting from the ineffectiveness of post-conviction appellate counsel, and because Petitioner's other asserted claims are not substantial [*Id*. pp. 30–37]. Pursuant to *Martinez* and *Trevino*, ineffective assistance of post-conviction counsel can establish cause to excuse the procedural default of an ineffective-assistance-of-trial-counsel claim only that claim is "substantial." *Martinez*, 566 U.S. at 14; *Trevino*, 133 S. Ct. at 1918, 1921. A substantial claim of ineffective assistance is a claim that "has some merit." *Martinez*, 566 U.S. at 14. To establish ineffective assistance of counsel, a defendant must show deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Respondent's answer is sufficient for the Court to consider whether Petitioner is entitled to pursue his IAPC claims under the foregoing standards. If the Court determines

that a hearing is necessary, it will do so under the standards set forth in Rule 8 of the habeas rules. Because habeas corpus cases are governed by the standards set forth in AEDPA and the habeas rules, the Court finds no basis for granting summary judgment in favor of Petitioner based on a lack of strict adherence to the provisions of Rule 56.

### 2. Rule 8(b)(6)

In a similar vein, Petitioner argues that Respondent failed to respond to the factual bases raised in regard to Petitioner's IAPC claims under *Martinez* and thereby should be deemed to have admitted those allegations under Federal Rule of Civil Procedure 8(b)(6).

Under the federal rules, in responding to a pleading, a party is required to admit or deny the allegations asserted against it, and a denial must fairly respond to the substance of the allegation. Fed. R. Civ. P. 8(b)(1)(B), (b)(2). Pursuant to Rule 8(b)(6), an allegation is admitted if a responsive pleading is required and the allegation is not denied. Under the habeas rule 5(b), however, an "answer must address the allegations in the petition" and "must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations."

Here, Respondent's answer sets forth the position that Petitioner's IATC claims are procedurally barred and that the *Martinez-Trevino* exception regarding IAPC does not apply to lift that bar. Nothing further is required under Rule 5(b) of the habeas rules. To the extent that Federal Rule of Civil Procedure 8(b)(6) may require more, it is inconsistent with Rule 5(b), and the Court will not grant summary judgment in Petitioner's favor based on Respondent's asserted non-compliance with Rule 8(b)(6).

### 3. Collateral Estoppel

Petitioner's final argument in support of partial summary judgment is that Respondent is collaterally estopped from re-litigating certain issues determined by the Court in the related case of *Dellinger v. Mays*, No. 3:09-CV-404 [Docs. 83; 94], which challenges his murder conviction in Sevier County. Specifically, Petitioner contends that certain findings of fact and mixed findings of fact and conclusions of law made by the Court following an adversarial hearing on the issue of equitable tolling in Case No. 3:09-CV-404 are "virtually identical" to material facts relating to Petitioner's IAPC claims in this case, precluding Respondent from re-litigating those issues here. Respondent counters by arguing that the Court's prior finding that post-conviction counsel abandoned him in the Sevier County case is separate and distinct from the issue of whether post-conviction counsel was ineffective for failing to raise a number of IATC claims in the Blount County proceedings at issue in this case. The Court agrees with Respondent.

#### a. Prior Decision

Petitioner's § 2254 petition at Case No. 3:09-CV-404 was filed nearly two years beyond the applicable one-year statute of limitations period. Petitioner sought equitable tolling of the statute of limitations on the ground that his post-conviction counsel abandoned him in the Sevier County case. The Court referred the matter to Magistrate Judge C. Clifford Shirley to conduct an evidentiary hearing on the following issues: (1) whether an attorney-client relationship existed between Petitioner and the Post-Conviction Defender's Office ("PCDO") in relation to the filing of a federal habeas petition in the

15

Sevier County case; (2) whether post-conviction counsel's mental illness or abandonment of Petitioner in Sevier County constitutes an extraordinary circumstance; and (3) whether Petitioner diligently pursued his federal habeas remedies in the Sevier County case [Doc. 83 p. 2].

Following the hearing, Magistrate Judge Shirley prepared a Report and Recommendation ("R&R") finding that an attorney-client relationship did exist between Petitioner and the PCDO in relation to the filing of a federal habeas petition in the Sevier County case, that Petitioner was abandoned by the PCDO in the Sevier County case, and that Petitioner had pursued his rights to the extent reasonable under the circumstances [Doc. 83 pp. 24–25, 27]. Accordingly, Magistrate Judge Shirley recommended that equitable tolling be applied [*Id*. at 33]. The Court subsequently accepted the R&R and granted Petitioner's motion for equitable tolling [Doc. 94].

### b. Analysis

Collateral estoppel, otherwise termed issue preclusion, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Arkansas Coals, Inc. v. Lawson*, 739 F.3d 309, 320 (6th Cir. 2014) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) (internal citation and quotation marks omitted).

Four specific requirements must be met before collateral estoppel may be applied to bar litigation of an issue: (1) the precise issue must have been raised and actually litigated in the prior proceedings; (2) the determination of the issue must have been necessary to the

16

outcome of the prior proceedings; (3) the prior proceedings must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding. *Cobbins v. Tennessee Dep't of Transp.*, 566 F.3d 582, 589–90 (6th Cir. 2009). In determining whether the defensive use of collateral estoppel is appropriate, a court must also consider whether the party against whom the judgment is pleaded had a full and fair opportunity to litigate the issue, and whether it would be otherwise unfair under the circumstances to permit the use of collateral estoppel. *Id*. at 590.

The Court need not go beyond the first requirement to conclude that collateral estoppel does not apply here, as the issues raised and actually litigated in the related habeas proceeding are not identical to the issues relating to IAPC to be determined in this case. At issue in the Sevier County case was whether Petitioner was *abandoned* by his post-conviction counsel in the Sevier County proceedings as to justify equitable tolling of the one-year limitations period to permit the out-of-time filing of a federal habeas petition challenging his Sevier County conviction. Conversely, the issue here is whether post-conviction counsel was *ineffective* in the Blount County case in failing to raise a number of claims of IATC as to excuse Petitioner's procedural default of those claims. Claim abandonment through ineffectiveness is not the same as client abandonment. *Young v. Westbrooks*, 702 F. App'x 255, 262 (6th Cir. 2017).

As the Sixth Circuit Court of Appeals has observed, the United States Supreme Court has drawn a line between claims of attorney error on the one hand and claims of

17

attorney abandonment on the other. *Young*, 702 F. App'x at 260–61. Claims raising ineffective assistance of post-conviction counsel as an excuse for a procedural default are governed by the *Martinez-Trevino* line of cases and require a determination of whether post-conviction counsel was ineffective, under the *Strickland* standard, in failing to raise IATC claims, as well as a determination as to whether the waived IATC claims are substantial, that is, have "some merit." *Martinez*, 566 U.S. at 14. Claims of attorney abandonment, however, are governed by *Maples v. Thomas*, 565 U.S. 266, 281–82 (2012), in which the Court held that a petitioner had shown cause to excuse a procedural default when his attorneys abandoned him without warning—causing him to miss a deadline to file a post-conviction appeal. Under *Maples*, when an attorney ceases to operate as a petitioner's agent "in any meaningful sense of that word," the petitioner has been abandoned and extraordinary circumstances thereby exist justifying the lifting of a procedural bar to federal habeas review. *Id*.

Thus, the Court's finding that Petitioner was abandoned by his post-conviction counsel in the Sevier County case under the *Maples* standard at Case No. 3:09-CV-404 does not preclude Respondent from contesting the issue of whether post-conviction counsel was ineffective in failing to raise substantial issues of IATC in the Blount County case under the *Martinez-Trevino* standard in this case. As the Supreme Court has noted, for purposes of issue preclusion, issues are not identical if the second action involves application of a different legal standard, even if the factual setting of both suits may be the same. *See B & B Hardware, Inc., v. Hargis Indus., Inc.*, 135 S. Ct. 1393, 1306 (2015)

(citing 18 C. Wright, A. Miller, & E. Cooper, Federal Practice & Procedure § 4417, p. 449 (2d ed. 2002)).

Because a different legal standard applies to the analysis of Petitioner's *Martinez* claims of IAPC than the standard the Court applied in determining client abandonment for equitable tolling purposes under *Maples*, the issues are not identical for purposes of issue preclusion. *See Maples*, 565 U.S. at 281–82 (as opposed to attorney negligence, a "markedly different situation is presented . . . when an attorney abandons his client without notice"). Accordingly, the Court finds that Respondent is not precluded by collateral estoppel from litigating the *Martinez* issues raised by Petitioner in this case.

## IV. CONCLUSION

Pursuant to this Court's prior order [Doc. 180], for the reasons set forth herein, Petitioner's motion for partial summary judgment [Doc. 143] has been **DENIED** and Petitioner's motion to reconsider, clarify, or supplement a prior order of the Court [Doc. 160] has been **DENIED without prejudice**.

Should the Court subsequently determine under the standards set forth in Rule 8 of the Rules Governing Section 2254 Cases in the United States District Court that an evidentiary hearing is required on any of Petitioner's habeas claims, such a hearing will be scheduled by separate order.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE