UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| JAMES DELLINGER, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| v. | ) | No.: 3:09-CV-104-TAV-DCP |
| TONY MAYS, | ) | |
| Respondent. | ) | |

## ORDER

On October 27, 2021, counsel for Petitioner filed a Notice of Parties' Conference in Petitioner's related noncapital case. [*See* Case No. 3:09-CV-404-TAV-DCP, Doc. 193]. In the notice, Petitioner's attorneys indicate that, on October 22, 2021, they met with and informed Respondent's counsel that they intend to file a motion in state court under the newly revised Tennessee Code Annotated § 39-13-203.[1] [*Id*. at 2]. Petitioner's attorneys maintain that Tennessee law "now permits Petitioner a hearing and potential remedy," which they state Petitioner was unable to obtain in state court due to procedural obstacles.[2]

---

[1] *See* Act of May 11, 2021, ch. 399, § 2, 2021 Tenn. Pub. Laws (amending Tennessee Code Annotated § 39-13-203 by adding subsection (g)(1), allowing "[a] defendant who has been sentenced to the death penalty prior to the effective date of this act and whose conviction is final on direct review" to "petition the trial court for a determination of whether the defendant is intellectually disabled").

[2] In their notice, counsel for Petitioner also remind the Court that it previously stayed this capital case pending exhaustion of Petitioner's claim under *Atkins v. Virginia*, 536 U.S. 304 (2002), in state court. [Case No. 3:09-CV-404-TAV-DCP, Doc. 193 at 2]. In addition to staying Petitioner's case, the Court ordered Petitioner to file status reports on his proceedings in state court. [Case No. 3:09-CV-104-TAV-DCP, Doc. 116 at 3]. Petitioner's final status report indicates that the Tennessee courts "refus[ed] to provide" Petitioner with a procedural vehicle to adjudicate his intellectual disability claim. [*See* Case No. 3:09-CV-00104-TAV-DCP, Doc. 229]; *see also*

[*Id.* (citing *Dellinger v. State*, No. E2018-00135-CCA-R3-ECN, 2019 WL 1754701, at *6 (Tenn. Crim. App. Apr. 17, 2019) (affirming the trial court's dismissal of Petitioner's petition without evidentiary hearing, as "Petitioner has no available state procedure to present his claim of intellectual disability")].

Petitioner's attorneys further state that they "anticipate that the state court petition for relief from the [Petitioner's] sentence of death due to intellectual disability will be filed within a month" and that this ensuing litigation will culminate in a hearing in state court, involving multiple expert witnesses, in 2022. [Case No. 3:09-CV-404-TAV-DCP, Doc. 193 at 2]. Accordingly, Petitioner is **ORDERED**, within ninety (90) days of the entry of this Order and every ninety (90) days thereafter, to file a status report in which he apprises the Court of the progress of the ancillary proceedings in state court.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

*Dellinger v. State*, E2013-02094-CCA-R3-ECN, 2015 WL 4931576, at *1 (Tenn. Crim. App. Aug. 18, 2015) (affirming trial court's judgment denying Petitioner's petition for a writ of coram nobis, petition for a writ of audita querela, and motion for declaratory judgment regarding his intellectual disability claim), *perm app. denied* (Tenn. May 6, 2016); *Dellinger v. State*, E2013-02079-CCA-R28-PD (Tenn. Crim. App. Jan. 16, 2014) (denying Petitioner's application for permission to appeal trial court's denial of his motion to reopen post-conviction proceedings), *perm. app. denied* (Tenn. May 15, 2014).